■ LAURI A. HAMMOND, Respondent, v SPRUCE MEADOW FARM, INC., et al., Defendants, and LYNN HAWKES, Appellant. [605 NYS2d 586] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Lynn Hawkes dismissed. Memorandum: Plaintiff commenced this action against a riding stable, her riding instructor, and the horse owner to recover for injuries plaintiff sustained in a fall from a horse that she had leased. Defendant Hawkes, the instructor, appeals from an order denying her motion for summary judgment dismissing the complaint against her. Hawkes contends that, as a matter of law, plaintiff assumed the risk of injury inherent in jumping a horse in muddy or wet conditions, and that Hawkes thus is entitled to summary judgment dismissing the complaint.

In light of the considerable experience of plaintiff in riding horses, her admitted familiarity with the particular horse and premises, and her awareness and appreciation of the risks inherent in riding and jumping the horse in wet and muddy conditions, we conclude that plaintiff assumed the risk of her injuries as a matter of law (see, *Turcotte v Fell,* 68 NY2d 432, 438-439; *Maddox v City of New York,* 66 NY2d 270, 277-278; *Roots v Claremont Riding Academy,* 20 AD2d 536, *affd* 14

NY2d 827). Plaintiff attempts to raise a triable question of fact by alleging that the horse was "unsuitable" and "too much of a horse" for her to ride; however, it is clear that the alleged dangerous propensities of the horse played no part in causing the accident. Further, we reject plaintiff's claim of "inherent compulsion" *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658; *see, Maddox v City of New York, supra,* at 279). Assuming, arguendo, that Hawkes was a "superior", plaintiff cannot show " 'an economic compulsion or other circumstance which equally impel[led]' compliance with" Hawkes' direction *(Benitez v New York City Bd. of Educ., supra,* at 658; *see, Maddox v City of New York, supra).* (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.