■ SAMARA RUBENSTEIN, an Infant, by NEIL RUBENSTEIN, Her Father and Natural Guardian, et al., Respondents, v WOODSTOCK RIDING CLUB, INC., Appellant, et al., Defendants. (And Two Third-Party Actions.) [617 NYS2d 603] —White, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 16, 1993 in Ulster County, which, *inter alia,* denied a cross motion by defendant Woodstock Riding Club, Inc. for summary judgment dismissing the complaint and all cross claims against it.

On May 8, 1988, plaintiff Samara Rubenstein, then 12 years old, with her horse Flair entered a "Fitting and Showmanship" event at a horse show conducted by defendant Woodstock Riding Club, Inc. (hereinafter Woodstock). Participants in this competition, who are on foot, are required to lead their horse around the ring at a trot and then bring it to a stop behind the other horses in a head-to-tail formation. The videotape of the event shows that Samara had difficulty in controlling her horse and was unable to stop it until it was directly behind Winsome, the horse owned by defendants L. Polcovar and Jane Polcovar. Samara's horse then nudged Winsome in the rear, causing Winsome to kick with his hind leg which struck and fractured Samara's left leg.

Thereafter, plaintiffs commenced this negligence action seeking damages and derivative losses. Following the pretrial depositions of the parties, defendants moved for summary judgment. Supreme Court denied Woodstock's cross motion, finding that a question of fact existed as to whether it acted reasonably. This appeal ensued.

Woodstock's principal argument on appeal is that liability cannot be imposed upon it because Samara impliedly assumed the risk of her injury. As a general rule, participants in a sporting event or activity may be held to have consented to those injury-causing events which are known, apparent or reasonably foreseeable *(see, Turcotte v Fell,* 68 NY2d 432, 439). An assessment of whether a participant assumed a risk depends on the openness and obviousness of the risks, the participant's skill and experience, as well as his or her conduct under the circumstances and the nature of the defendant's conduct *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657; *Wertheim v United States Tennis Assn.,* 150

AD2d 157, *lv denied* 74 NY2d 613; *see also, Lamay v Foley,* 188 AD2d 157).

Here, Samara, who had taken lessons on how to handle, show and ride horses for 1½ years before the accident, acknowledged that she had always known that she should never walk behind a horse. Moreover, her instructor stated that she instructed her pupils to maintain a 6- to 10-foot distance between horses because, if horses get too close, they may feel threatened and might kick. Woodstock's unchallenged proof is that, with regard to horse shows, there is always an inherent risk of being injured by a horse since they are large, strong animals that at times are unpredictable.

Applying the foregoing standards to these circumstances, we find as a matter of law that Samara, by participating in the horse show, assumed the risk of being injured by a horse *(see, Sutfin v Scheuer,* 74 NY2d 697; *Morales v New York City Hous. Auth.,* 187 AD2d 295). Thus, Supreme Court erred in denying Woodstock's cross motion.

Finally, in view of the failure by plaintiffs' attorney to file a timely brief or request an extension, his failure to timely respond to inquiries from the Clerk's office and his failure to file the brief within two weeks as promised on June 13, 1994, we shall impose costs of $500 against him *(see,* 22 NYCRR 800.9 [d]).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs of $500 to defendant Woodstock Riding Club, Inc. against plaintiffs' counsel, by reversing so much thereof as denied the cross motion of defendant Woodstock Riding Club, Inc.; cross motion granted, summary judgment awarded to said defendant and complaint and all cross claims dismissed against it; and, as so modified, affirmed.