■ CYNTHIA LEWIS et al., Respondents, v ERIE COUNTY AGRICULTURAL SOCIETY et al., Appellants. [684 NYS2d 733] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by Cynthia Lewis (plaintiff) when she was kicked by her own horse at a horse show run by defendants. Defendants appeal from an order denying their motion for summary judgment dismissing the complaint. Defendants contend that, as a matter of law, plaintiff assumed the risk of being kicked by a horse and that, in any event, her injuries were not proximately caused by defendants' alleged negligence.

We conclude that plaintiff, a highly experienced horsewoman who for decades has been in the business of buying, selling, breeding and showing horses, knowingly assumed the risk of being kicked by her horse (*see, Rubenstein v Woodstock Riding Club,* 208 AD2d 1160, 1160-1161; *see generally, Morgan v State*

*of New York*, 90 NY2d 471, 484-486; *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657; *Turcotte v Fell*, 68 NY2d 432, 438-439). The risk of being injured is an ordinary, usual and inherent risk of working with animals such as horses (*see, Rubenstein v Woodstock Riding Club, supra*, at 1161, cited with approval in *Morgan v State of New York, supra*, at 484; *see also, Turcotte v Fell, supra*; *Arbegast v Board of Educ.*, 65 NY2d 161; *Harrington v Colvin*, 237 AD2d 992, *lv denied* 90 NY2d 808; *Hammond v Spruce Meadow Farm*, 199 AD2d 1014). In reaching our conclusion, we note the "considerable experience" of plaintiff in showing horses, "her admitted familiarity with the particular horse and premises, and her awareness and appreciation" of the very risk that eventuated (*Hammond v Spruce Meadow Farm, supra*, at 1014; *see also, Rubenstein v Woodstock Riding Club, supra*, at 1161). Under the circumstances, defendants fulfilled their legal duty to plaintiffs, which was " 'to make the conditions as safe as they appeared to be' " (*Morgan v State of New York, supra*, at 484, quoting *Turcotte v Fell, supra*, at 439). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Denman, P. J., Pine, Pigott, Jr., Callahan and Boehm, JJ.