■ GERALD SMITH et al., Individually and as Parents and Natural Guardians of ELIZABETH SMITH, an Infant, Respondents, v HUNTING VIEW FARM et al., Appellants. [695 NYS2d 802] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this action seeking damages for personal injuries sustained by their daughter while she was helping to groom a horse at defendant Hunting View Farm, operated by defendant Deborah Ferrentino. Defendants moved for summary judgment dismissing the complaint, contending that plaintiffs' daughter assumed the risk of injury inherent in horse training.

Supreme Court erred in denying the motion. Assumption of risk is a defense that applies to those injuries sustained as a result of known or reasonably foreseeable consequences of participation in a certain activity (*see, Morgan v State of New York,* 90 NY2d 471, 484; *Turcotte v Fell,* 68 NY2d 432, 439). Awareness of the risk is assessed against the skill and experience of the particular plaintiff (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657). The plaintiff need not have foreseen the exact manner in which the injury occurred "so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York,* 66 NY2d 270, 278; *see, Swan v Town of Grand Is.,* 234 AD2d 934, 935).

Plaintiffs' daughter had been working with horses for years, was in an advanced class at defendant farm and had competed in numerous horse shows. In return for her services at defendant farm, which included teaching riding classes, she had unlimited use of a horse there. It is undisputed that, in her years of working with horses, she had been warned that horses might try to kick or bite. The injury giving rise to this action occurred when she was kicked in the head while assisting in a grooming technique that she had never before performed. Defendants established that plaintiffs' daughter was experienced and aware of the danger that horses may kick and thus met their burden of showing that she assumed the risk of injury inherent in the activity (*see, Lewis v Erie County Agric. Socy.,*

256 AD2d 1114; *Rubenstein v Woodstock Riding Club,* 208 AD2d 1160, 1161), and plaintiffs failed to raise a triable issue of fact. Contrary to the contention of plaintiffs, they failed to raise an issue of fact whether economic or quasi-economic compulsion that may be inherent in employment made their daughter's assistance involuntary (*see, Verduce v Board of Higher Educ.,* 8 NY2d 928, *revg on dissenting opn at* 9 AD2d 214, 218; *see also, Hammond v Spruce Meadow Farm,* 199 AD2d 1014). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.