■ Rose Norkus, Respondent, v Robert Scolaro et al., Respondents, and Cobleskill Agricultural Society et al., Appellants. [699 NYS2d 550] —Graffeo, J. Appeal from an order of the Supreme Court (Caruso, J.), entered October 30, 1998 in Schenectady County, which denied motions by defendants Cobleskill Agricultural Society and New York State Saddle Horse Association, Inc. for summary judgment dismissing the complaint against them.

This action arises out of injuries sustained by plaintiff when she was struck by a horse ridden by defendant Tina Scolaro at fairgrounds owned by defendant Cobleskill Agricultural Society (hereinafter CAS) in Schoharie County. Plaintiff was a volunteer show manager for defendant New York State Saddle Horse Association, Inc. (hereinafter NYSSHA) which had leased portions of the fairgrounds from CAS, including the racetrack, infield and horse stalls, for the purpose of conducting a two-day horse show. CAS also leased certain stalls in its barns to private individuals and such lessees were permitted to use the racetrack to exercise their horses. Although not a

participant in the NYSSHA show, Scolaro was renting a stall as permanent housing for her horse and pursuant to the terms of her rental agreement, she was permitted to ride her horse at the fairgrounds at any time.

Just prior to the accident, plaintiff had completed the tallying of scores from a competition held on the infield of the racetrack and was headed toward the announcer's booth on the opposite side of the racetrack. In order to reach the announcer's booth, it was necessary to cross the track surrounding the infield. Before crossing the track, plaintiff observed Scolaro sitting on an unbridled horse on the track and admonished Scolaro to put a bridle on her horse. Scolaro turned her horse around and took off in the opposite direction. After engaging in a brief discussion with her assistant, plaintiff proceeded to cross the track. Scolaro's horse, which was galloping counterclockwise around the track, struck plaintiff as she walked across the track.

After joinder of issue, NYSSHA moved and CAS cross-moved for summary judgment dismissing plaintiff's complaint. Supreme Court denied the summary judgment motions, which prompted this appeal.

NYSSHA and CAS contend that they are entitled to summary judgment based on the doctrine of primary assumption of the risk. It is well settled that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484; *see, Turcotte v Fell*, 68 NY2d 432, 439). It is well established that an inherent risk in sporting events involving horses is injury due to the sudden and unintended actions of the animals (*see, e.g., Becker v Pleasant Val. Farms*, 261 AD2d 427; *Freskos v City of New York*, 243 AD2d 364; *Harrington v Colvin*, 237 AD2d 992, *lv denied* 90 NY2d 808). Here, plaintiff, as an experienced participant in competitive horse shows, was aware of the dangers associated with horses and assumed the risk of being injured by a horse at the racetrack where the equestrian event was being conducted (*see, Rubenstein v Woodstock Riding Club*, 208 AD2d 1160; *see also, Lewis v Erie County Agric. Socy.*, 256 AD2d 1114). Notwithstanding that the rider of the horse was not a participant in the competition and the horse was not equipped according to NYSSHA standards, it was reasonably foreseeable that the track surrounding the infield would be used for exercising horses and, notably, the record reveals plaintiff was aware that Scolaro and her horse were using the track shortly

before the accident. Accordingly, the motions for summary judgment should have been granted.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants Cobleskill Agricultural Society and New      ate Saddle Horse Association, Inc. and complaint dismis      nst them.