CHRISTINE M. PAPA, an Infant, by CHARLES J. PAPA, et al., Her Parents, et al., Appellants, v MARY K. RUSSO et al., Respondents. [719 NYS2d 723] —Mercure, J.

Plaintiffs brought this action to recover for injuries sustained by 14-year-old plaintiff Christine M. Papa in an equestrian accident that occurred on October 29, 1994 at a riding academy owned and operated by defendants. During a riding lesson supervised by defendant Mary Kay Russo, Christine successfully completed a jump and cantered off. She then slowed her horse to a trot and turned to the right, at which time the horse slipped and fell with Christine on his back. Plaintiffs' claim of liability against defendants arises out of the condition of the outdoor training arena, which plaintiffs assert was improperly designed, constructed and maintained and thus created an unreasonable risk that a horse would slip and fall on its rider.

Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint based upon their asserted freedom from negligence and the doctrine of assumption of risk. Plaintiffs opposed the motion and also cross-moved pursuant to CPLR 3126 for a spoliation hearing. Based upon evidence that Christine was an experienced rider who was aware of the dangers of horseback riding and assumed the risks inherent therein, Supreme Court granted defendants' motion. Further, finding that plaintiffs failed to make a sufficient showing that documents sought by plaintiff were necessary, Supreme Court also denied plaintiffs' cross motion. Plaintiffs now appeal from the order granting defendants' motion and denying plaintiffs' cross motion and also the order denying plaintiffs' subsequent motion for renewal.

We affirm. Competent evidence presented in support of the summary judgment motion established that Russo purchased the property, known as Rise-Up Farms, in 1988. Defendants subsequently had several trees removed from what was eventually to become the outdoor training arena and also had a bulldozer grade the property and replace the surface layer with excavator sand. Each morning, the arena was visually inspected and a pulverizer was used to till the surface footing. Once the day's lessons began, if the surface became hard-packed due to usage, defendants would use a rake to loosen the footing. Russo

testified that she herself pulverized the arena on the morning of the accident and that she inspected the area where Christine's horse fell immediately after the accident and found no holes, rocks, debris or any other condition that would have caused the horse to lose its footing. In our view, that evidentiary showing satisfied defendants' initial burden of presenting prima facie evidence of their freedom from negligence.

In addition, the evidence presented by defendants in support of the summary judgment motion competently established plaintiffs' assumption of the risks inherent in horseback riding. The owner of a sporting venue will be relieved from liability for inherent risks of engaging in the sport when a consenting participant is aware of the risks, has an appreciation of the nature of the risks and voluntarily assumes them (*see, Morgan v State of New York*, 90 NY2d 471, 484; *see also, Hawley v Binghamton Mets Baseball Club*, 262 AD2d 729, 731). Defendants' duty under such circumstances is to exercise care to make the conditions as safe as they appear to be (*see, Turcotte v Fell*, 68 NY2d 432, 439). "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York, supra*, at 484; *see, Rubenstein v Woodstock Riding Club*, 208 AD2d 1160). Awareness of the risk is not to be assessed in a vacuum but, rather, against the skill and experience of the particular plaintiff (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657; *Rubenstein v Woodstock Riding Club, supra*).

Here, the evidence showed that Christine had been riding horses by herself since the age of seven or eight, had been receiving lessons once or twice a week at Rise-Up Farms for two years prior to the accident and had participated in several horse shows. In addition, Christine admitted she was aware that falling off a horse was a risk associated with riding and that she had in fact fallen off a horse on two prior occasions but continued to participate in the sport anyway. Further, although neither Christine nor her mother had ever seen a horse fall on its rider, as happened in this case, both of them had seen this particular horse fall on a prior occasion. In any event, "[i]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278; *see, Regan v State of New York*, 237 AD2d 851, 853, *lv denied* 91 NY2d 802).

It is our further view that the evidence submitted by plaintiffs in opposition to the summary judgment motion was insufficient to raise a genuine question of fact. Although identifying a number of alleged defects in the design and construction of the arena, the affidavit of equestrian arena designer Robert Jolicoeur failed to establish that the standards of equestrian arena construction propounded therein were those normally adhered to in the industry (*see, Bova v County of Saratoga*, 258 AD2d 748, 750; *Fallon v Hannay & Son*, 153 AD2d 95, 101-102). Further, the evidence showed that the condition of the arena had changed between the time of the accident and the time of Jolicoeur's examination one year later, and Jolicoeur's analysis is almost entirely predicated upon the unsupported hypothesis that the riding area was wet or damp at the time of the accident. Last, the affidavit of Alexa Mattheyses, another student at Rise-Up Farms, serves no purpose other than to show that horses can sometimes slip and lose their footing.

As a final matter, we are unpersuaded that Supreme Court abused its discretion in denying plaintiffs' cross motion for a spoliation hearing and/or sanctions. Notably, plaintiffs have failed to demonstrate that the requested materials actually exist and the bulk of their demands relate to documents relative to the original design and construction of the arena. Obviously, all necessary details concerning the composition of the arena surface were discoverable through a timely inspection. Plaintiffs' remaining contentions have either been considered and found to be lacking in merit or have been abandoned.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.