■ ALICE L. WENDT, Respondent, v WARREN L. JACUS et al., Appellants. [732 NYS2d 770] —Order unanimously modified

on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendants' motion seeking dismissal of the negligence claim, and thus we modify the order by granting defendants' motion in its entirety and dismissing the complaint. Plaintiff, an experienced horsewoman, was injured when the horse on which she was riding fell backward onto her. Plaintiff testified at her deposition that the accident occurred in one of two ways: either the horse reared up due to the presence of nearby foals or it fell into a hole. Plaintiff, however, alleges that defendants were negligent based only on the presence of nearby foals. " 'Where * * * there are [two or more] possible causes of an injury, for one or more of which the defendant[s were] not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since [s]he has failed to prove that the negligence of the defendant[s] caused the injury' " (*Wiwigac v Snedaker*, 282 AD2d 801, 803-804, quoting *Ingersoll v Liberty Bank*, 278 NY 1, 7; *see, Bernstein v City of New York*, 69 NY2d 1020, 1021-1022).

In any event, even assuming, arguendo, that plaintiff could demonstrate that the accident was caused by the presence of foals, we conclude that her negligence claim nevertheless should have been dismissed. Defendants established that plaintiff assumed the risk of her injuries in light of her considerable riding experience, her admitted familiarity with the horse and the terrain, and her knowledge that the horse was excited on the day of the accident (*see, Turcotte v Fell*, 68 NY2d 432, 438-439; *Smith v Hunting View Farm*, 265 AD2d 928; *Hammond v Spruce Meadow Farm*, 199 AD2d 1014), and plaintiff failed to raise a triable issue of fact. (Appeal from Order of Supreme Court, Niagara County, Fricano, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.