■ KIM HUND et al., Respondents, v SUE GRAMSE, Formerly Known as SUE SPRINGSTEAD, et al., Respondents and Third-Party Plaintiffs-Respondents. PRUDENTIAL PROPERTY & CASU-

ALTY INSURANCE COMPANY, Third-Party Defendant-Appellant. (Action No. 2.) [774 NYS2d 220]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 31, 2003. The order denied the motions of defendants-third-party plaintiffs and third-party defendant for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motions in part, dismissing the complaint and granting judgment in favor of third-party defendant as follows: "It is adjudged and declared that third-party defendant has no obligation to defend or indemnify defendants in the main action and as modified the order is affirmed without costs."

Memorandum: Plaintiffs commenced this action seeking to recover damages for personal injuries sustained by Kim Hund (plaintiff) in a horse riding accident that occurred on the premises and allegedly through the negligence of defendants, Sue Gramse, formerly known as Sue Springstead, and Ronald Gramse. The property consists of the Gramses' residence as well as facilities used for the boarding of horses by Sue for hire as part of her horse-stabling business. The stable facilities include the indoor riding arena in which plaintiff's accident occurred. At the time, plaintiff was training a horse, nicknamed "Charlie," that was being boarded and trained for hire by agreement between Sue and the horse owner. Upon being sued by plaintiffs, the Gramses sought to obtain a defense and indemnification from their homeowner's insurer, third-party defendant, Prudential Property & Casualty Insurance Company (Prudential). Prudential disclaimed coverage on the basis of a policy exclusion for claims of bodily injury "arising out of business

pursuits of any insured." Following that disclaimer of coverage, the Gramses interposed a third-party complaint seeking judgment declaring that Prudential is obligated to defend and indemnify them in the main action.

We conclude that Supreme Court erred in denying that part of the motion of the Gramses for summary judgment dismissing the complaint. The record establishes that plaintiff assumed the risk of her injuries as a matter of law (*see Turcotte v Fell,* 68 NY2d 432, 439-443 [1986]; *Wendt v Jacus,* 288 AD2d 889, 890 [2001], *lv denied* 98 NY2d 604 [2002]; *Tindall v Ellenberg,* 281 AD2d 225 [2001]; *Hammond v Spruce Meadow Farm,* 199 AD2d 1014 [1993]). Plaintiff had considerable experience riding horses and was an accomplished horsewoman. Further, she was extremely familiar with riding that particular horse on those particular premises, the condition of which, according to plaintiff, did not differ from the usual conditions at that location and in other indoor riding arenas. Thus, whatever danger may have existed in riding on those premises was open and obvious and fully appreciated by plaintiff. Moreover, the risk of being injured as a result of falling from a horse was known to plaintiff in light of her experience and, doubtless, as a matter of common sense (*see Wendt,* 288 AD2d at 890; *Tindall,* 281 AD2d 225 [2001]; *Papa v Russo,* 279 AD2d 744, 745 [2001], *lv denied* 99 NY2d 507 [2003]; *Freskos v City of New York,* 243 AD2d 364 [1997]; *Hammond,* 199 AD2d at 1014). That is one of the "usual dangers inherent in th[e] sport" (*Tindall,* 281 AD2d at 225), and the Gramses neither concealed nor unreasonably increased or enhanced that danger (*see Morgan v State of New York,* 90 NY2d 471, 485 [1997]; *Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658 [1989]; *Hochreiter v Diocese of Buffalo,* 309 AD2d 1216, 1217 [2003]; *Sheehan v Hicksville Union Free School Dist.,* 229 AD2d 1026 [1996]). Moreover, "[i]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York,* 66 NY2d 270, 278 [1985]; *see Papa,* 279 AD2d at 745).

We further conclude that the court erred in denying that part of the motion of Prudential seeking summary judgment declaring that Prudential has no obligation to defend or indemnify the Gramses in the main action. The horse ridden by plaintiff at the time of the accident was being boarded and trained by Sue for hire and profit, and the riding activity in question was thus intrinsic to Sue's business pursuits. Further, the record

establishes that the indoor riding arena in which the accident occurred was built to facilitate the horse-stabling business, and that is how and why it was being used at the time of the accident. We thus conclude that, as a matter of law, the riding activity in question falls within the policy exclusion for business pursuits of an insured, and does not fall within the exception to that policy exclusion for "activities which are ordinarily incident to non-business pursuits" (see Salimbene v Merchants Mut. Ins. Co., 217 AD2d 991, 992-993 [1995]; United Food Serv. v Fidelity & Cas. Co. of N.Y., 189 AD2d 74, 76-77 [1993]; cf. Lamb v Security Mut. Ins. Co., 278 AD2d 855, 856 [2000]; Showler v American Mfrs. Mut. Ins. Co., 261 AD2d 896, 897-898 [1999]). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.