■ MARILYN G. TILSON, Appellant, v LARRY RUSSO et al., Respondents. [818 NYS2d 311]—

Spain, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered April 18, 2005 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, an experienced recreational horseback rider for 30 years, went to defendant New Horizon Stables on June 25, 2000 to horseback ride with a friend who stabled her horse there. Plaintiff, who had ridden and taken lessons there over the prior 1½ to 2 years, planned to practice her riding techniques (not take a lesson); she had been assigned to ride "Lady," a horse plaintiff had previously ridden, owned by defendants Larry Russo and Kim Russo. Upon arrival, plaintiff entered Lady's outdoor gated paddock and observed her and several other horses eating. According to plaintiff, she waited a few minutes until Lady had essentially finished eating* and then called her name several times, approaching with a lead line in an effort to cajole her to the "tack" area to be saddled and prepared for riding. Lady looked down, pinned her ears back and ran toward plaintiff, biting her on the left shoulder, causing injury.

Plaintiff commenced this negligence action against defendants

---

* In contrast, two other witnesses testified that the horse was still eating when plaintiff approached. For purposes of defendants' motion, we view the evidence in the light most favorable to plaintiff (*see Boston v Dunham*, 274 AD2d 708, 709 [2000]).

and, after issue was joined, Supreme Court granted defendants' motion for summary judgment and dismissed the complaint, finding plaintiff had assumed the risk of her injury. Plaintiff appeals, and we affirm.

Under established primary assumption of the risk principles, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Turcotte v Fell*, 68 NY2d 432, 438-439 [1986]). Thus, such participants "may be held to have consented to those injury-causing events which are known, apparent or reasonably foreseeable" (*Rubenstein v Woodstock Riding Club*, 208 AD2d 1160, 1160 [1994]; *see Turcotte v Fell, supra* at 439). The duty owed to participants under these circumstances "is a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant[s] [have] performed [their] duty" (*Turcotte v Fell, supra* at 439 [citations omitted]).

Initially, as we are unpersuaded by plaintiff's contentions to the contrary, we find that her injury did occur in the context of her participation in the recreational sporting activity of horseback riding, as she was admittedly approaching the horse to prepare it for that activity (*see Harrington v Colvin*, 237 AD2d 992 [1997], *lv denied* 90 NY2d 808 [1997]; *cf. Lecznar v Sanford*, 265 AD2d 728, 730 [1999]; *Roe v Keane Stud Farm*, 261 AD2d 800, 800-801 [1999]). Further, "[i]t is well established that an inherent risk in sporting events involving horses is injury due to the sudden and unintended actions of the animals" (*Norkus v Scolaro*, 267 AD2d 666, 667 [1999]; *see Kinara v Jamaica Bay Riding Academy, Inc.*, 11 AD3d 588 [2004]), which are "large, strong animals that at times are unpredictable" (*Rubenstein v Woodstock Riding Club, supra* at 1161). The inherent risks of being injured by a horse include this scenario, in which a horse, frightened or angry, bolts and bites a person (*see Becker v Pleasant Val. Farms*, 261 AD2d 427 [1999], *lv denied* 94 NY2d 756 [1999]; *Harrington v Colvin, supra*); this is a sudden, unpredictable but commonly-appreciated risk comparable to other inherent risks such as being kicked (*see Kinara v Jamaica Bay Riding Academy, Inc., supra*; *Smith v Hunting View Farm*, 265 AD2d 928 [1999]; *Lewis v Erie County Agric. Socy.*, 256 AD2d 1114 [1998]; *Rubenstein v Woodstock Riding Club, supra*), being struck (*see Norkus v Scolaro, supra*), being thrown or falling (*see Joseph v New York Racing Assn.*, 28 AD3d

105 [2006]; *Wendt v Jacus*, 288 AD2d 889 [2001], *lv denied* 98 NY2d 604 [2002]; *Papa v Russo*, 279 AD2d 744 [2001], *lv denied* 99 NY2d 507 [2003]; *Hammond v Spruce Meadow Farm*, 199 AD2d 1014 [1993]), or being bumped by a horse during a race or exhibition (*see Turcotte v Fell, supra* at 440-441; *see also Morgan v State of New York, supra* at 484). Indeed, defendants' proffered expert opinion, that biting is a "well-known, very common risk in the sport [of horseback riding]," went uncontested.

The final component in this analysis is whether the consenting participant was aware of the risks, had an appreciation of the nature of the risks and voluntarily assumed the risks (*see Turcotte v Fell, supra* at 437; *see also Morgan v State of New York, supra* at 484), which "includes consideration of the participant's knowledge and experience in the activity generally" (*Turcotte v Fell, supra* at 440; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *Papa v Russo, supra* at 745). Defendants established that plaintiff was a trained, lifelong horseback rider and her testimony reflects that she was aware that horses kick, fall and bite, and that Lady had previously bitten another rider. Moreover, plaintiff need not have foreseen the precise manner in which the injury occurred, as she was clearly "aware of the potential for injury of the mechanism from which the injury result[ed]" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]; *see Papa v Russo, supra*). Defendants neither concealed nor enhanced the danger, and did not engage in any reckless or intentional conduct (*see Morgan v State of New York, supra* at 487; *Benitez v New York City Bd. of Educ., supra* at 658; *Turcotte v Fell, supra* at 439; *Hund v Gramse*, 5 AD3d 1036, 1038 [2004], *lv denied* 2 NY3d 707 [2004]).

In view of the foregoing, Supreme Court correctly determined that defendants met their burden of demonstrating that plaintiff, aware of the known dangers, assumed the risk of injury inherent in horseback riding by electing to participate in this activity (*see Turcotte v Fell, supra* at 439-440; *Rubenstein v Woodstock Riding Club, supra* at 1161). Plaintiff failed, in response, to raise a triable issue of fact (*see Kinara v Jamaica Bay Riding Academy, Inc., supra* at 588-589). Even were we to consider the unsigned affidavit of plaintiff's equestrian expert asserting (based on industry standards) that defendants should have restricted client access to horses with "poor paddock behavior," any conditions created by defendants' alleged negligence are neither " 'unique [nor] created a dangerous condition over and above the usual dangers that are inherent in

the sport' " (*Morgan v State of New York, supra* at 485, quoting *Owen v R.J.S. Safety Equip.*, 79 NY3d 967, 970 [1992]). As defendants fulfilled their "duty to exercise care to make the conditions as safe as they appear to be" (*Turcotte v Fell, supra* at 439), they were properly awarded summary judgment dismissing plaintiff's complaint.

Finally, we note that plaintiff's reliance upon case law imposing strict liability upon owners of animals with known "vicious propensities" for harm caused as a result of those propensities is misplaced (*see Collier v Zambito*, 1 NY3d 444, 447 [2004]; *see also Bard v Jahnke*, 6 NY3d 592 [2006]). By contrast, the doctrine of primary assumption of risk *defines and limits* the scope of duty of care owing to those who elect to participate in sporting and recreational activities knowing the risks, i.e., it is "a measure of the defendant's duty of care" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986], *supra*); if the doctrine is applicable and its elements satisfied, "defendant is relieved of legal duty to the plaintiff; and being under no duty, [defendant] cannot be charged with negligence" (*id.*, quoting Prosser and Keeton, Torts § 68, at 480-481 [5th ed]; *see Morgan v State of New York*, 90 NY2d 471, 485 [1997], *supra*). Thus, the more narrow and later-developed doctrine of primary assumption of risk governing recreational and sporting activities (which may or may not involve animals)—if applicable—*circumscribes* and defines duties of animal owners, rendering the "vicious propensity" case law inapplicable under such circumstances.

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

