■ Robin Soloman, Appellant, v Barbara Taylor, Respondents. [937 NYS2d 408]—

Lahtinen, J.

"As a general rule, participants in a sporting event or activity may be held to have consented to those injury-causing events which are known, apparent or reasonably foreseeable" (*Rubenstein v Woodstock Riding Club*, 208 AD2d 1160, 1160 [1994] [citation omitted]). "[A]n inherent risk in sporting events involving horses is injury due to the sudden and unintended actions of the animals, . . . [including] being thrown or falling" (*Tilson v Russo*, 30 AD3d 856, 857 [2006] [internal quotation marks and citations omitted]). "The experience of the participant certainly is relevant in deciding whether he or she appreciated and, thus, voluntarily assumed the risks of the activity" (*Dalton v Adirondack Saddle Tours, Inc.*, 40 AD3d 1169, 1171 [2007] [citation omitted]).

Plaintiff had horseback riding experience as a child and she started riding again in the fall of 2007. She purchased a horse, which she boarded at defendants' stable, and had taken riding lessons from Taylor one to three times per week from September 2007 through the spring of 2008. Her lessons included situations purposefully intended to "shy or spook" the horse, which were known risks in riding, and how to handle such situations. Plaintiff acknowledged several prior occasions where her horse shied while she was riding, including one instance involving dogs. She knew that three dogs were housed at defendants' premises and was aware that Taylor liked to have the dogs with her when she rode. Plaintiff had previously ridden while the dogs were running free. She stated that she had complained about the dogs and told Taylor that she did not like the dogs running free when she was riding. On the day of the incident, plaintiff was informed by Taylor's boyfriend before going out riding that Taylor was probably already out riding and, while no mention was made of the dogs, she had not heard or observed them in the vicinity of the stable. We are unpersuaded that Supreme Court erred in finding that plaintiff assumed the risk under these circumstances (*see Wendt v Jacus*, 288 AD2d 889, 890 [2001], *lv denied* 98 NY2d 604 [2002]).

Plaintiff's further assertion of a strict liability theory based upon purported vicious propensities is unavailing *(see Tilson v Russo,* 30 AD3d at 859).

Mercure, A.P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.