Rose, J.
Appeal from an order of the Supreme Court (Krogmann, J.), entered May 16, 2012 in Warren County, which, among other things, denied defendant’s motion for summary judgment dismissing the complaint.
Plaintiffs commenced this action seeking to recover damages associated with the injuries sustained by plaintiff Ana Doris Valencia (hereinafter plaintiff) when she was kicked by a horse at defendant’s riding stable. After joinder of issue and discovery, both parties moved for, among other things, summary judgment. Supreme Court denied the summary judgment motions and defendant appeals.
Defendant’s sole contention is that dismissal is warranted based on plaintiff’s assumption of the risk. We cannot agree. While it has been recognized that participants in the sporting activity of horseback riding assume commonly appreciated risks inherent in the activity, such as being kicked (see Dalton v Adirondack Saddle Tours, Inc., 40 AD3d 1169, 1171 [2007]; Tilson v Russo, 30 AD3d 856, 857 [2006]), “[participants will not be deemed to have assumed unreasonably increased risks” (Corica v Rocking Horse Ranch, Inc., 84 AD3d 1566, 1567 [2011]; see Morgan v State of New York, 90 NY2d 471, 486 [1997]; Tilson v Russo, 30 AD3d at 857). “ ‘[A]n assessment of whether a participant assumed a risk depends on the openness and obviousness of the risks, the participant’s skill and experience, as well as his or her conduct under the circumstances and the nature of the defendant’s conduct’ ” (Corica v Rocking Horse Ranch, Inc., 84 AD3d at 1567, quoting Rubenstein v Woodstock Riding Club, 208 AD2d 1160, 1160 [1994]).
Here, plaintiffs have raised triable issues of fact by offering evidence that defendant’s attendant assisted plaintiff in mounting her assigned horse, and the attendant then positioned the head of her horse within six inches of the tail of the horse in the line in front of her. The attendant then was called away and, in leaving, he ducked under the head of plaintiffs horse, causing it to nudge the horse in front of it. The horse in front then kicked back, striking plaintiff in the leg and injuring her. Defendant’s co-owner acknowledged that the positioning of horses is an important safety concern and that horses should be spaced approximately one horse length apart. Thus, while being kicked by a horse is an obvious risk of horseback riding, and plaintiff, although an inexperienced rider, was aware of the risk, issues of fact exist as to whether defendant’s alleged actions in positioning the horses and then ducking under the head of plaintiffs horse heightened the risk of injury to an inexperienced rider *1336 (see Corica v Rocking Horse Ranch, 84 AD3d at 1567; Lipari v Babylon Riding Ctr., Inc., 18 AD3d 824, 825-826 [2005]; Millan v Brown, 295 AD2d 409, 410 [2002]). Accordingly, summary judgment dismissing the complaint based on plaintiffs assumption of the risk was properly denied.
Peters, P.J., Lahtinen and Egan Jr., JJ, concur. Ordered that the order is affirmed, with costs.