Sara W. v Rocking Horse Ranch Corp. (2019 NY Slip Op 01482)





Sara W. v Rocking Horse Ranch Corp.


2019 NY Slip Op 01482


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

527102

[*1]SARA W., an Infant, by HENNY W., Her Mother and Guardian, et al., Respondents,
v
ROCKING HORSE RANCH CORPORATION, Appellant.

Calendar Date: January 8, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Pritzker, JJ.


Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellant.
Marcel Weisman LLC, New York City (Ezra Holczer of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered April 19, 2018 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiffs commenced this action seeking to recover damages for injuries sustained by plaintiff Sara W. (hereinafter the infant), who was 16 years old at the time, when she fell from a horse while at defendant's dude ranch. After joinder of issue, defendant moved for summary judgment dismissing the complaint based on a theory of assumption of the risk, which plaintiffs opposed. Supreme Court denied the motion, and defendant appeals.
Defendant's sole contention is that dismissal is warranted based upon the infant's primary assumption of the risk. Under the doctrine of primary assumption of the risk, although "participants in the sporting activity of horseback riding assume commonly appreciated risks inherent in the activity, such as being kicked . . ., '[p]articipants will not be deemed to have assumed unreasonably increased risks'" (Valencia v Diamond F. Livestock, Inc., 110 AD3d 1334, 1335 [2013], quoting Corica v Rocking Horse Ranch, Inc., 84 AD3d 1566, 1567 [2011]). "An assessment of whether a participant assumed a risk depends on the openness and obviousness of the risks, the participant's skill and experience, as well as his or her conduct under the circumstances and the nature of the defendant's conduct" (Valencia v Diamond F. Livestock, Inc., 110 AD3d at 1335 [internal quotation marks, brackets and citations omitted]; see Corica v Rocking Horse Ranch, Inc., 84 AD3d at 1567). Moreover, "in assessing whether a defendant has violated a duty of care within the genre of tort-sports activities and their inherent risks, the applicable standard should include whether the conditions caused by [a] defendant['s] negligence are unique and created a dangerous condition over and above the usual dangers that are inherent [*2]in the sport" (Morgan v State of New York, 90 NY2d 471, 485 [1997] [internal quotation marks and citations omitted]; see Connolly v Willard Mountain, Inc., 143 AD3d 1148, 1148 [2016]).
In support of its motion, defendant submitted the deposition testimonies of the infant and Robert Gilbert, a certified horse wrangler employed by defendant who assisted the infant, to show that it exercised care in ensuring that the horse riding conditions were as safe as they appeared to be. Gilbert's testimony established that the infant was provided with an appropriate horse for a beginner's trail, helmets were required of infants participating in the ride, the infant was provided with instructions prior to the ride and a horse wrangler accompanied the riders during the trail ride and also assisted the riders when dismounting. The testimony also revealed that at least two of the infant's three older sisters, who were visiting defendant's ranch with the infant, were aware of the inherent risks associated with horseback riding, as they signed documents that underscored the foreseeable injuries that could result from engaging in the activity. Importantly, the infant herself testified that she was aware that there were risks involved in the activity, as she had been on horseback riding trails prior to the incident. As to the incident itself, Gilbert testified that the horse moved backwards only after the infant's leg made contact with the horse's side [FN1]. Given this evidence, we find that defendant established its prima facie entitlement to judgment as a matter of law in that the infant, being aware of the risks associated with horseback riding, assumed the risk of her injuries when she fell from the horse following the animal's "sudden and unintended" movements (Tilson v Russo, 30 AD3d 856, 857 [2006]; see Dalton v Adirondack Saddle Tours, Inc., 40 AD3d 1169, 1171 [2007]; Eslin v County of Suffolk, 18 AD3d 698, 699 [2005]).
The issue then distills to whether plaintiffs raised a triable issue of fact as to whether defendant's conduct unreasonably increased the risk assumed by the infant (see Valencia v Diamond F. Livestock, Inc., 110 AD3d at 1335). We find that they did. Most importantly, the record reveals that the infant's description of the incident differs from Gilbert's description. Specifically, the infant testified that Gilbert moved away from her and towards the horse's head to tame it and that it was this movement by Gilbert that caused the horse to move, leading to the infant's fall. The infant also testified that Gilbert instructed her to lean on him during the dismount and she acquiesced, but when the horse moved, she was left suspended in midair with nothing to grab onto, resulting in her fall. Therefore, although it is undisputed that Gilbert assisted the infant during the dismount and attempted to provide adequate assistance, there still remains a question of fact as to whether Gilbert's response to the situation, in light of evidence that the infant was a novice and that the horse was jittery and jumpy, heightened the risk of her fall, thereby unreasonably increasing the risks of horseback riding (see Valencia v Diamond F. Livestock, Inc., 110 AD3d at 1335; Corica v Rocking Horse Ranch, Inc., 84 AD3d at 1568; Lipari v Babylon Riding Ctr., Inc., 18 AD3d 824, 825 [2005]). Defendant's motion was therefore properly denied.
Lynch, J.P., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: When writing a contemporaneous accident report, Gilbert stated, somewhat differently, that the horse backed up because the infant pulled the reins. This difference is not significant to our overall analysis of assumption of the risk.