Small v Riding High Dude Ranch, Inc.

2026 NY Slip Op 02489

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kerry Small, Respondent,

v

Riding High Dude Ranch, Inc., Appellant.

Decided and Entered:April 23, 2026

CV-25-0291

Calendar Date: February 19, 2026

Before: Garry, P.J., Clark, Pritzker, Mcshan And Corcoran, JJ.

Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellant.

The Barnes Firm PC, Rochester (Salvatore D. Compoccia, New York City, of counsel), for respondent.

[*1]

Corcoran, J.

Appeal from an order of the Supreme Court (Robert Muller, J.), entered January 30, 2025 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff sued to recover damages for injuries allegedly sustained while participating in horseback riding activities at defendant's dude ranch and resort in June 2021. Plaintiff alleged that defendant's wrangler negligently assisted her in mounting a horse and that she required surgery to repair knee ligaments torn when he forcefully pushed her right leg over the horse. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, contending that plaintiff assumed the risks inherent in horseback riding and that she could not prove the cause of her injury. Supreme Court denied the motion, and defendant appeals.

We affirm. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). When considering such a motion, courts must view the evidence in the light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference, without making credibility determinations (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]; Lubrano-Birken v Ellis Hosp., 229 AD3d 873, 876 [3d Dept 2024]; Ali-Hasan v St. Peter's Health Partners Med. Assoc., P.C., 226 AD3d 1199, 1200 [3d Dept 2024], lv denied 42 NY3d 906 [2024]). Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity consents to those commonly appreciated risks that are inherent in and arise out of the nature of the activity and flow from such participation, thereby limiting the scope of a defendant's duty of care (see Stanhope v Burke, 220 AD3d 1122, 1124 [3d Dept 2023]; Sara W. v Rocking Horse Ranch Corp., 169 AD3d 1342, 1343 [3d Dept 2019]). Application of the doctrine "is not to be determined in a vacuum, but instead measured against the background of the skill and experience of the particular plaintiff" (Katleski v Cazenovia Golf Club, Inc., 225 AD3d 1030, 1038 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], affd 44 NY3d 212 [2025]).

It is well settled that the inherent risks of horseback riding include falling from a horse or sustaining injuries caused by a horse's sudden or unintended actions (see Stanhope v Burke, 220 AD3d at 1125; Dalton v Adirondack Saddle Tours, Inc., 40 AD3d 1169, 1171 [3d Dept 2007]). However, participants are not deemed to have assumed risks that are concealed or unreasonably enhanced by a defendant's conduct (see Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 95 [2023]; Stanhope v Burke, 220 AD3d at 1125; Fritz v Walden Playboys M.C. Inc., 217 AD3d 1293, 1294 [3d Dept 2023]). Thus, where an injury arises not from a rider's [*2]fall or a horse's unexpected behavior, but instead from the manner in which a defendant's employee assists a rider, questions about whether the defendant enhanced the usual dangers inherent in horseback riding may preclude summary judgment (see Sara W. v Rocking Horse Ranch Corp., 169 AD3d at 1344; Valencia v Diamond F. Livestock, Inc., 110 AD3d 1334, 1335-1336 [3d Dept 2013]; Corica v Rocking Horse Ranch, Inc., 84 AD3d 1566, 1567-1568 [3d Dept 2011]). For example, an injured rider may raise a triable issue of fact by showing that the defendant heightened the inherent risks of participation through negligent assistance with mounting procedures or direction of a rider's movements (see Sara W. v Rocking Horse Ranch Corp., 169 AD3d at 1344; Jones v Smoke Tree Farm, 161 AD3d 1590, 1591 [4th Dept 2018]; Georgiades v Nassau Equestrian Ctr. at Old Mill, Inc., 134 AD3d 887, 888-889 [2d Dept 2015]).

Plaintiff concededly was an experienced horseback rider who participated in advanced riding at defendant's dude ranch for two days. She had previously used different methods to mount a horse, including ascending from the ground with wrangler assistance and alternatively stepping on a mounting block. Upon her arrival at the ranch, she executed a written liability release acknowledging that she understood injuries could occur in the course of horseback riding. On the first day of riding, she mounted her horse with the assistance of a wrangler and completed an advanced ride without incident or complaint. On the second day, plaintiff again prepared for an advanced trail ride on a bigger horse. Before mounting, she asked to use a mounting block. The wrangler declined her request and instead advised that he would help her mount the horse from the ground, a method commonly used at the ranch. Plaintiff placed her left foot in the stirrup and the wrangler used his hands to lift her right foot, applying more force than expected based on her previous experience, causing her to feel and hear a pop in her right knee. At his deposition, the wrangler denied recollection of the particular incident but explained that he typically supported a rider by positioning his shoulder beneath the rider while he stood up. Notably, he conceded that the procedure described by plaintiff, i.e., placing a rider's foot in his hands and pushing the rider's leg over the horse, was inconsistent with defendant's training, policies and procedures. Although plaintiff did not report an injury upon dismounting, she reported increasing knee pain, swelling and discomfort to defendant's staff later that day. She did not ride the following day. Two days later, she fell while attempting to enter a vehicle due to instability in her knee. She was later diagnosed with knee injuries, including a detached ACL and a torn meniscus.

Here, defendant met its prima facie burden by establishing that plaintiff was a highly experienced rider who assumed the inherent risks of horseback riding, including the risk of injury [*3]while mounting or dismounting. Defendant also demonstrated that mounting a horse with wrangler assistance from the ground was a generally accepted practice, as supported by expert opinions. In opposition, plaintiff raised triable issues of fact sufficient to defeat summary judgment through evidentiary proof that the wrangler applied excessive force while pushing her leg over the saddle. The wrangler conceded that the technique described by plaintiff was inconsistent with defendant's training, policies or procedures; his faulty memory prevented him from contradicting plaintiff's account of the mechanism of her alleged injury. Viewed in the light most favorable to plaintiff, material questions of fact remain as to whether the wrangler's conduct unreasonably increased the risks inherent in horseback riding (see Corica v Rocking Horse Ranch, Inc., 84 AD3d at 1567-1568).

We are likewise unpersuaded by defendant's contention that plaintiff's proof of proximate cause is fatally speculative. A plaintiff "can demonstrate proximate cause solely through circumstantial evidence, so long as that evidence renders other causes sufficiently remote such that the jury can base its verdict on logical inferences drawn from the evidence, not merely on speculation" (Weichsel v State of New York, 231 AD3d 1459, 1463 [3d Dept 2024] [internal quotation marks, brackets and citation omitted]; see Mulligan v R & D Props. of N.Y. Inc., 162 AD3d 1301, 1301-1302 [3d Dept 2018]; Acton v 1906 Rest. Corp., 147 AD3d 1277, 1278 [3d Dept 2017]). However, she need not "positively exclude every other possible cause of the accident" (Weichsel v State of New York, 231 AD3d at 1463 [internal quotations marks and citation omitted]; see Scurry v New York City Hous. Auth., 39 NY3d 443, 453 [2023]). Defendant emphasizes that plaintiff completed her trail ride immediately after her alleged knee injury, dismounted without assistance and did not seek prompt medical treatment; it cites her fall two days later as the more likely cause for her injury. However, viewing the facts in the light most favorable to the nonmovant, plaintiff's uncontroverted description of the occurrence and her subsequent symptoms along with her report of the incident established a logical, nonspeculative nexus between the wrangler's alleged conduct and her injury. Defendant may persuade the factfinder that plaintiff's version of events is implausible, but a jury could conclude that the proximate cause of her injury was the unexpected, undue force applied by the wrangler. Under these circumstances, defendant failed to establish, as a matter of law, that a jury could not find that defendant caused plaintiff's injury without resort to speculation (see Weichsel v State of New York, 231 AD3d at 1464). Accordingly, Supreme Court properly denied defendant's motion for summary judgment.

Garry, P.J., Clark, Pritzker and McShan, JJ., concur.

ORDERED that the order is affirmed, with costs.