■ HANNAH FILSON et al., Respondents, v COLD RIVER TRAIL RIDES, INC., Appellant. [661 NYS2d 841] —Cardona, P. J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered October 11, 1996 in Franklin County, which denied defendant's motion for summary judgment dismissing the complaint.

In October 1991, plaintiff Hannah Filson (hereinafter plaintiff) and her husband paid to go on a wilderness horseback riding excursion organized and operated by defendant. The two-day excursion consisted of a one-night stay in a bed and breakfast, a lengthy trail ride through the Adirondack Park and an overnight stay in the woods. Defendant provided the

participants with meals, equipment, horses and a guide. On the second day of the journey, plaintiff was injured while attempting to mount her horse without the assistance of the guide. The horse moved back and started to rear and plaintiff ended up on the ground with injuries to her mouth and teeth apparently caused by the horse. She and her husband subsequently commenced this negligence action against defendant. According to plaintiffs, defendant was negligent in, *inter alia*, providing plaintiff with an "unsuitable horse" that defendant had reason to know "was easily spooked". Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the basis, *inter alia*, of a "RELEASE AND DISCHARGE, ACCEPTANCE OF RESPONSIBILITY AND ACKNOWLEDGMENT OF RISKS" signed by plaintiff. Supreme Court denied the motion and defendant appeals.

Resolution of this case turns upon the applicability of General Obligations Law § 5-326. This statute provides that: "Every covenant, agreement or understanding in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable" (General Obligations Law § 5-326). Supreme Court found this statute applicable so as to render the release signed by plaintiff unenforceable. We agree.

In *Brancati v Bar-U-Farm, Inc.* (183 AD2d 1027), we found General Obligations Law § 5-326 applicable to circumstances similar to the case at hand. The plaintiff there was injured during a guided trail ride when the horse he had leased from the defendant's establishment fell and rolled on him. We found that the defendant's riding stable was a "place of amusement or recreation" within the meaning of General Obligations Law § 5-326 (*see, id.*, at 1029). We further found that the applicability of the statute was not limited to acts conducted within a controlled environment, but extended to situations involving outdoor amusement activities (*see, id.*, at 1030).

In view of our holding in *Brancati (supra)*, we find General Obligations Law § 5-326 applicable in the instant case. The

fact that the services provided by defendant are "unique" insofar as they entail overnight excursions through wilderness terrain does not, in our view, significantly distinguish this case from *Brancati*. Likewise, although defendant did not own the land upon which plaintiff was injured, unlike the defendant in *Brancati*, we do not find that this compels a contrary result since the statute by its terms applies to owners and *operators* of places of amusement or recreation (*see*, General Obligations Law § 5-326). In view of this, as well as the fact that questions of fact exist on the issue of negligence, Supreme Court properly denied defendant's motion for summary judgment.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.