■ STEPHANIE FRESKOS, Respondent, v CITY OF NEW YORK, Appellant. (And a Third-Party Action.) [663 NYS2d 174] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered April 23, 1996, denying defendant's motion to set aside the jury's liability verdict, unanimously reversed, on the law, without costs, the motion granted, and the complaint against the defendant New York City dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. Appeal from order, same court and Justice, entered on or about July 7, 1995, unanimously dismissed, without costs, as abandoned.

Plaintiff, an experienced equestrian, while riding a rented horse on the Central Park bridle path, lost control of the horse, which, when "spooked," ran off of the bridle path and into the roadway in the vicinity of the 90th Street exit. Plaintiff was thrown, fracturing her leg, when the horse slipped. We reject plaintiff's contention that the City's liability arises from its failure to construct fencing segregating the bridle path from the roadway in the vicinity of the exit. Rather, plaintiff, an experienced voluntary participant in a potentially dangerous recreational event, assumed the risks associated with the reasonably foreseeable consequences of that activity.

Voluntary participants in sporting or recreational events are presumed "to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439; *see also, Calise v City of New York*, 239 AD2d 378) and are inherent in the activity (*Morgan v State of New York*, 90 NY2d 471) in the absence of any indication of concealed (*cf., Henig v Hofstra Univ.*, 160 AD2d 761; *compare, Calabro v Plattekill Mt. Ski Ctr.*, 197 AD2d 558, *lv denied* 83 NY2d 754) or unreasonably increased risks (*Morgan v State of New York, supra*), or reckless or intentional conduct, not herein present.

Accordingly, we reverse on the issue of liability and dismiss the complaint against the City. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.