■ ELIZABETH IRISH, Appellant, v DEEP HOLLOW LTD., Doing Business as DEEP HOLLOW RANCH STABLE, et al., Respondents. [671 NYS2d 1024] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 14, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, the defendants' motion for summary judgment is denied, and the complaint is reinstated.

The plaintiff testified that prior to going horseback riding with her friends at a ranch owned by the defendant Deep Hollow Ltd. she informed the trail guide who was to lead the group about her inexperience in the sport. The guide assured the plaintiff that there would be no problem because the horses would be kept to a walking pace. Although the ride started at a walking pace, the plaintiff stated that the guide later caused the pace to be increased to a faster pace known as a "canter", at which time the plaintiff fell and sustained injury.

It is well settled that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York,* 90 NY2d 471, 484; *see also, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Turcotte v Fell,* 68 NY2d 432; *Rubenstein v Woodstock Riding Club,* 208 AD2d 1160). However, participants will not be deemed to have consented to

the risk of intentional or reckless acts (see, *Turcotte v Fell*, *supra*, at 439). Nor do they assume the risk of conduct which creates a dangerous condition over and above the usual dangers inherent in the sport (see, *Owen v R.J.S. Safety Equip.*, 79 NY2d 967).

In the case at bar, there exists a question of fact as to whether the plaintiff assumed the increased risk of riding on a horse at a cantering pace after being told that the horse would only travel at a walking pace. Accordingly, the motion for summary judgment was improperly granted (see, *Morgan v State of New York, supra,* at 488-489). Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.