OPINION OF THE COURT
Thomas P. Phelan, J.
*146 Motion by defendant Riverdale Riding Corp., doing business as Riverdale Equestrian Center, sued herein as Riverdale Riding Club, Inc., also known as Riverdale Riding Corp., doing business as Riverdale Riding Club (Riverdale), for summary judgment is granted.
This personal injury action on behalf of decedent, Lori Desena, arises out of an accident on or about November 4, 1995 at the Riverdale Equestrian Center located at Broadway and West 254th Street in the Bronx, New York. Decedent died of an unrelated asthma condition on December 8, 1999.
Plaintiffs complaint alleges that decedent was injured when her horse reared and she was thrown to the ground. It is further alleged that decedent’s horse reared because it was either bitten, attacked or frightened by another horse in the fenced-in area where the deceased was taking a riding lesson from one of defendant’s instructors. Plaintiffs complaint goes on to allege that the accident occurred solely due to the negligence of defendant.
Defendant moves for summary judgment based upon a five-page written release of liability (Release), signed by decedent and dated October 28, 1995 as said Release clearly and unequivocally released and discharged defendant from all liabilities, including injuries and damages caused by defendant’s own negligence. The court notes that the lengthy Release specifically refers to the “passive or active negligence of the released parties” in three different numbered paragraphs.
Counsel for plaintiff, however, contends that the Release is void as against public policy by reason of General Obligations Law § 5-326. Said section reads as follows: “Every covenant, agreement or understanding in or in connection with, or collateral to, any contract, membership application, ticket of admission or similar writing, entered into between the owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable.”
Plaintiff maintains that since it is undisputed that decedent paid admission to defendant’s facility in return for riding lessons and since defendant’s facility is a place of amusement or *147 recreation, General Obligations Law § 5-326 necessarily applies.
Plaintiff relies principally upon two decisions from the Appellate Division, Third Department, to support the assertion that defendant’s facility is a place of amusement or recreation within the meaning of the statute (i.e., Brancati v Bar-U-Farm, Inc., 183 AD2d 1027; Filson v Cold Riv. Trail Rides, 242 AD2d 775). Plaintiff in Brancati was injured on a trail ride when the trail horse he rented from defendant fell. The Third Department found that defendant’s riding stable was a place of amusement or recreation within the meaning of General Obligations Law § 5-326. Similarly, plaintiff in Filson was injured while on a “wilderness horseback riding excursion” when she attempted to mount her horse without the assistance of the guide {supra, at 775). The Third Department found that General Obligations Law § 5-326 applied to defendant in the Filson case as well.
Neither of these cases is analogous to the present case.
Charles “Rusty” Holzer, president of defendant, in his moving affidavit states that defendant “has been operating a horse boarding stable and instructional facility in Van Cortlandt Park, Bronx County, since January of 1994.” He further states that: “Since 1994 and continuing through the present, [defendant] has not conducted or operated ‘trail rides’, whereby members of the public are taken out or permitted to ride horseback on bridle paths or trails.” He also states that: “The horseback riding that is done by and at [Riverdale] has all been instructional, whereby persons are actually given private and group horseback riding lessons in a riding ring and taught how to ride therein by instructors employed by [defendant].” Mr. Holzer’s statements have not been controverted.
The court finds that the present case is analogous to Baschuk v Diver’s Way Scuba (209 AD2d 369), a Second Department case. Plaintiff in Baschuk was injured while taking a scuba diving course sponsored by the defendant at its facilities, which included a private swimming pool. Since defendant’s private swimming pool was used for instructional, not recreational or amusement purposes, the Court concluded that the tuition fee paid by the plaintiff for a course of instruction is not analogous to the use fee for recreational facilities contemplated by the statute. Hence, General Obligations Law § 5-326 was held not to apply.
It has been established that defendant does not conduct or operate trail rides and that all the horseback riding done by and at the Riverdale has been instructional. Furthermore, *148 decedent was injured while taking a riding lesson. Thus, it is clear that any fees paid by decedent were for riding lessons, not for admission.
The court, therefore, holds that defendant Riverdale is not a “place of amusement or recreation” within the meaning of General Obligations Law § 5-326.
Plaintiffs claims of gross negligence are rejected as improperly asserted for the first time in surreply papers (see, Wosyluk v L.T.L. Developers, 147 AD2d 475) and are, in any event, without merit.
Accordingly, the release of liability signed by decedent is valid and plaintiffs complaint is dismissed.