■ JAMES P. DUFFY, Appellant, v SUFFOLK COUNTY HIGH SCHOOL HOCKEY LEAGUE, INC., et al., Respondents, BAUER, INC., et al., Appellants, et al., Defendant. [734 NYS2d 613] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 28, 2000, as granted those branches of the separate motions of the defendants Suffolk County High School Hockey League, Inc., St. Anthony's High School Hockey Club, and USA Hockey, Inc., and the defendant Brian Lipari which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Bauer, Inc., and Bauer USA, Inc., separately appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal by Bauer, Inc., and Bauer USA, Inc., is dismissed as withdrawn pursuant to letter dated July 27, 2001; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs payable by the plaintiff.

On October 17, 1994, the plaintiff was struck in the head by a hockey puck while he was practicing with the defendant St. Anthony's High School Hockey Club. The hockey puck was shot by the defendant Brian Lipari and it hit the plaintiff as he skated behind the goal. The plaintiff alleged a cause of action to recover damages for negligent supervision against the defendants Suffolk County High School Hockey League, Inc., St. Anthony's High School Hockey Club, and USA Hockey, Inc. (hereinafter referred to collectively as the Suffolk County group). He further alleged a separate cause of action for damages on the theory that the defendant Lipari negligently shot the hockey puck.

By engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation (*see, Morgan v State of New York,* 90 NY2d 471, 484). However, participants are not deemed to consent to concealed or unreasonably-increased risks (*see, Morgan v State of New York, supra,* at 485). Application of the doctrine of assumption of the risk is assessed against the skill and background of the particular player (*see, Morgan v State of New York, supra,* at 486).

The plaintiff testified at his deposition that he took hockey lessons in the second and third grades, he played in a hockey league in the fourth and fifth grades, and from the eighth through eleventh grades he played hockey for the St. Anthony's high school team. The plaintiff admitted that he was aware that he could sustain a serious injury as a result of playing hockey and that it was not unusual for hockey pucks to go over the goal. Moreover, the plaintiff had participated in the very same practice drill on prior occasions the day before he was hit in the head with the hockey puck. Thus, the Suffolk County group and Lipari established prima facie entitlement to summary judgment on the ground that the plaintiff assumed the risk of injury and that the particular injury to the plaintiff was not unreasonably increased or concealed (*see, Morgan v State of New York, supra*). In response, the plaintiff failed to raise a triable issue of fact, and, therefore, the motions for summary judgment were properly granted.

The plaintiff has abandoned on appeal any argument that

the defendant Lipari negligently shot the hockey puck and that his injury was exacerbated by the failure of the coaching staff to secure immediate medical assistance. Ritter, J. P., Florio, Feuerstein and Crane, JJ., concur.