■ COLLEEN A. MILLAN et al., Respondents, v PAUL BROWN et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. SUZANNE PHILLIPS et al., Third-Party Defendants-Respondents. [743 NYS2d 539] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs Paul Brown and Brookville Farms, Ltd., appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered December 23, 1999, which granted the motion of the third-party defendants for summary judgment dismissing the third-party complaint and denied their cross motion for summary

judgment dismissing the complaint, or, alternatively, awarding them conditional summary judgment against the third-party defendants.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion of the third-party defendants which was for summary judgment dismissing the cause of action in the third-party complaint based on breach of contract and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Colleen A. Millan (hereinafter the injured plaintiff) was injured in the course of taking a riding lesson when her horse suddenly took off in an uncontrollable gallop. It appears from the deposition testimony of the injured plaintiff, the instructor, and two eyewitnesses that the horse "spooked" when the defendant Eric Janelli, who was preparing a horse trailer parked alongside the riding ring, shook a vinyl tarp and created a "loud * * * crackly" noise. The plaintiffs commenced this action against the horse farm where the lesson was being given, Brookville Farms, Ltd. (hereinafter Brookville), its owner, Paul Brown, the farm manager, Christine Janelli, her son Eric Janelli, and the riding establishment, Twin Gables Farm. Thereafter, Brookville and Paul Brown commenced a third-party action against the instructor, Suzanne Phillips doing business as Twin Gables Farms, and against her individually, alleging claims involving negligence and breach of contract.

The Supreme Court correctly denied the cross motion of Brookville and Brown. While the injured plaintiff assumed the risk of falling off a horse, she did not assume the risk created by the alleged reckless conduct of the defendant Eric Janelli, who, it is alleged, should have exercised greater caution under the circumstances, given his experience and knowledge of horses (see Morgan v State of New York, 90 NY2d 471; Gahan v Mineola Union Free School Dist., 241 AD2d 439). A triable issue of fact exists as to whether the actions of Eric Janelli, although not an employee of Brookville or Brown, could be attributed to the owners of the farm. There was testimony that Eric Janelli was present on the property on a continuing and regular basis with the knowledge and acquiescence of the owners.

The Supreme Court correctly dismissed the negligence cause of action asserted against the third-party defendants. The deposition testimony showed no negligence on the part of the third-party defendants.

The Supreme Court, however, erred in dismissing the cause of action based on breach of contract asserted against the third-party defendants. The third-party defendants leased the property from Brookville. Pursuant to the lease, the third-party defendants agreed to obtain a waiver or release from their students. No waiver was obtained from the injured plaintiff; hence, Brookville and Brown sought indemnification from them for their alleged breach. On appeal, the third-party defendants contend that a waiver would have served no practical purpose because any waiver would have been void or unenforceable as against public policy pursuant to General Obligations Law § 5-326. This contention is without merit. The plaintiff paid a $30 instruction fee directly to the defendant Suzanne Phillips for the lesson and was injured while taking a riding lesson. On these facts, the riding establishment was not a "place of amusement or recreation" within the meaning of General Obligations Law § 5-326 and hence, had a waiver been obtained, such a waiver would not have been rendered void under the statute (*see Bufano v National Inline Roller Hockey Assn.,* 272 AD2d 359; *Stuhlweissenburg v Town of Orangetown,* 223 AD2d 633; *Baschuk v Diver's Way Scuba,* 209 AD2d 369; *Salazar v Riverdale Riding Corp.,* 183 Misc 2d 145). Santucci, J.P., Florio, O'Brien and Schmidt, JJ., concur.