GRACE KINARA, Appellant, v JAMAICA BAY RIDING ACADEMY, INC., Respondent. [783 NYS2d 636]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated March 28, 2003, which granted the defendant's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff sustained injuries while horseback riding on a trail maintained by the defendant. The plaintiff was kicked by a horse owned by the defendant and ridden by the plaintiff's friend. The plaintiff, a horseback rider for 15 years, heard the trail guide comment at the beginning of the ride that the horse was "wild" and observed the horse kicking before the incident. The defendant moved for summary judgment on the ground that the plaintiff assumed an inherent risk in the sports activity of horseback riding. The Supreme Court granted the defendant's motion, finding that the plaintiff failed to raise a triable issue of fact. We affirm.

The defendant submitted prima facie evidence that the plaintiff assumed the risk of injury, because a horse kicking or acting in an unintended manner is inherent, usual, and ordinary (*see Lewis v Erie County Agric. Socy.*, 256 AD2d 1114 [1998]; *Rubenstein v Woodstock Riding Club*, 208 AD2d 1160, 1161 [1994]; *see also Morgan v State of New York*, 90 NY2d 471, 484 [1997]), the plaintiff was aware that the horse was "wild" (*see Wendt v Jacus*, 288 AD2d 889, 890 [2001]), and the plaintiff had 15 years of horseback riding experience (*see Morgan v State of New York, supra* at 485-486; *Turcotte v Fell*, 68 NY2d 432, 440 [1986]; *Duffy v Suffolk County High School Hockey League*, 289 AD2d 368, 369 [2001]; *Rubenstein v Woodstock Riding Club, supra*). The burden of proof then shifted to the plaintiff, who failed to raise a triable issue of fact (*see Winegrad v New York*

*Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In addition, the plaintiff did not raise a triable issue of fact as to whether the defendant intentionally or recklessly created an unreasonable risk (*see Turcotte v Fell, supra* at 439; *cf. Morgan v State of New York, supra* at 488-489; *Millan v Brown,* 295 AD2d 409 [2002]; *Irish v Deep Hollow,* 251 AD2d 293 [1998]). Under these circumstances, the Supreme Court properly granted the defendant's motion. Smith, J.P., Adams, Crane and Lifson, JJ., concur.