■ PATRICIA ESLIN, Respondent, v COUNTY OF SUFFOLK et al., Defendants, and DEEP HOLLOW, LTD., Appellant. [795 NYS2d 349]—

In an action to recover damages for personal injuries, the defendant Deep Hollow, Ltd., incorrectly sued as Deep Hollow and Gardner Leaver Ranch, doing business as Deep Hollow Ranch, appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 22, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly was injured when she fell from a horse while horseback riding at a ranch operated by the defendant Deep Hollow, Ltd., incorrectly sued as Deep Hollow and Gardner Leaver Ranch, doing business as Deep Hollow Ranch (hereinafter Deep Hollow Ranch). Before her accident, the plaintiff completed a "Horse Rental Agreement and Liability Release Form" (hereinafter the agreement) in which she indicated that she had over 10 hours of riding experience. She initialed the paragraphs in the agreement which warned of the risks inherent in horseback riding, including that the horses could stop short or change directions or speed at will. The plaintiff claims that she fell from the horse when, without warning, it took off into a gallop from a canter and her foot dislodged from the stirrup.

Voluntary participants in a sporting activity are presumed to have consented to those injury-causing events which are known, apparent, or reasonably foreseeable (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]). In support of its motion for summary judgment, Deep Hollow Ranch submitted prima facie evidence that the plaintiff assumed the risk of injury, because being thrown from a horse or a horse acting in an unintended manner are dangers inherent in the sport of horseback riding (*see Kinara v Jamaica Bay Riding Academy, Inc.*, 11 AD3d 588 [2004]; *Becker v Pleasant Val. Farms*, 261 AD2d 427 [1999]; *Freskos v City of New York*, 243 AD2d 364 [1997]; *Morrelli v Giordano*, 206 AD2d 464 [1994]; *Rubenstein v Woodstock Riding Club*, 208 AD2d 1160, 1161 [1994]; *cf. Irish v Deep Hollow*, 251 AD2d 293, 294 [1998]). Thus, Deep Hollow Ranch established its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.