STEVEN LIPARI et al., Appellants, v BABYLON RIDING CENTER, INC., Respondent. [796 NYS2d 632]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court,

Suffolk County (Berler, J.), dated February 26, 2004, as granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, that branch of their cross motion which was for leave to amend their bill of particulars.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the complaint is reinstated, that branch of the cross motion which was for leave to amend the bill of particulars is granted, and the amended bill of particulars is deemed served on the defendant with leave to the defendant to depose the plaintiff Steven Lipari with respect to any new matter in the amended bill of particulars that was not the subject of his prior deposition and for a further physical examination.

The plaintiff Steven Lipari was thrown by a horse that he rented from the defendant's stable, while taking a trail ride through Belmont State Park and while being supervised by two trail guides employed by the defendant. According to his testimony, Lipari had neither ridden a horse nor taken horseback riding lessons prior to the occurrence, and he described his level of experience as "novice" on the rental agreement provided by the stable. Lipari further testified that, twice during the trail ride prior to the occurrence, when he became apprehensive because of bicyclists and dogs on the trail, and asked to return to the stable, the trail guides did not comply with his requests. Thereafter, while both trail guides allegedly were riding in front of the line of horses and Lipari was riding unattended at the rear of the line, with three other horses separating his horse from those of the trail guides, the snapping of a stick or a branch spooked his horse, causing it to throw him to the ground and drag him approximately 40 feet.

Lipari and his wife commenced this action and the defendant thereafter moved for summary judgment dismissing the complaint on the ground that the action was barred by the doctrine of assumption of risk. While Lipari assumed the risk that he could be thrown by a frightened horse, the defendant offered no evidence that Lipari, a novice horseback rider, assumed the heightened risk created by the alleged negligent conduct of the trail guides in leaving him unattended in the rear of the line of horses (see Millan v Brown, 295 AD2d 409, 410 [2002]; Irish v Deep Hollow Ltd., 251 AD2d 293 [1998]). He did not assume the risk of an unsupervised ride. Notably, the defendant's witness, Vincent Pizzirusso, whose family owned the stable, testified at his deposition that, whenever a beginner was riding in the rear, one of the trail guides should have been positioned there as well. This opinion was similarly espoused by the plaintiffs'

expert, in her affidavit, which was submitted in opposition to the motion. She stressed that both trail guides were without explanation riding in the front, contrary to accepted standards, customs, and practices of the riding community. According to the plaintiffs' expert, after the horse became spooked, a trail guide at the end of the line of horses could have prevented it from throwing Lipari by moving her horse to the side of the frightened horse and calming the horse down. In addition, had a trail guide been riding in the rear, the trail guide could have instructed Lipari how to control the horse, once it had been spooked.

In view of our determination that the defendant's motion for summary judgment should have been denied, we further determine that the branch of the plaintiffs' cross motion which was for leave to amend the bill of particulars to allege additional injuries should have been granted. "[M]otions for leave to amend bills of particulars are to be liberally granted in the absence of prejudice" (*Simino v St. Mary's Hosp.*, 107 AD2d 800, 801 [1985]; *see Paganucci v Ciprut*, 244 AD2d 393 [1997]). Since the defendant failed to specify any prejudice that would result from a grant of leave to amend, that branch of the cross motion should have been granted, with the proviso that the defendant will be allowed, if so advised, to depose Lipari on any new matter contained in the amended bill of particulars that was not the subject of his prior deposition, and to conduct a further physical examination. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.