RICHARD DEAK, Respondent-Appellant, v BACH FARMS, LLC et al., Appellants-Respondents. [825 NYS2d 852]—

Appeals and cross appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered July 5, 2005. The order, among other things, denied the motion of defendants Richard H. Bach and Judith R. Bach for summary judgment dismissing the complaint against it and the cross motion of defendant Bach Farms, LLC for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and dismissing the complaint against defendants Richard H. Bach and Judith R. Bach and granting the cross motion in part and dismissing the third and fourth causes of action against defendant Bach Farms, LLC and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries allegedly sustained when he was thrown from a horse while in the course of his employment. At the time of the incident, plaintiff believed he was an employee of defendant Bach Farms, LLC (Bach Farms), which is an incorporated business and the owner of the horse. Defendants Richard H. Bach (Richard) and Judith R. Bach (collectively,

Bachs) are principals of Bach Farms and, at the time of the incident, Richard was a managing member of Bach Farms. The incident allegedly occurred when plaintiff, a licensed horse groom and trainer, was exercising the horse at the direction of Richard. The Bachs moved for summary judgment dismissing the complaint against them and Bach Farms cross-moved for summary judgment dismissing the complaint against it. Supreme Court denied both the motion and the cross motion.

The court erred in denying the motion of the Bachs for summary judgment, and we therefore modify the order accordingly. "The law permits the incorporation of a business for the very purpose of enabling its proprietors to escape personal liability but, manifestly, the privilege is not without its limits. . . . [W]henever anyone uses control of the corporation to further his own rather than the corporation's business, he will be liable for the corporation's acts" (*Walkovszky v Carlton*, 18 NY2d 414, 417 [1966] [internal citation omitted]). Here, the Bachs met their initial burden on the motion by establishing that plaintiff's activities at the time of the incident served no purpose other than to further the legitimate business of Bach Farms and that Richard was acting within the scope of his duties at Bach Farms when he directed plaintiff to exercise the horse. In opposition to the motion, plaintiff submitted affidavits, and relied on deposition testimony, to the effect that, at the time Richard directed plaintiff to exercise the horse, Richard knew that the horse had thrown Richard's daughter as well as a Bach family friend and that the horse even tried to throw Richard. We conclude that those submissions failed to raise a triable issue of fact whether the Bachs committed any independent tortious acts that were outside the scope of their corporate employment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Walkovszky*, 18 NY2d at 417-419).

The court also erred in denying those parts of the cross motion of Bach Farms for summary judgment dismissing the third and fourth causes of action against it, i.e., those causes of action for intentional and negligent infliction of emotional distress, and we therefore further modify the order accordingly. A cause of action for either intentional or negligent infliction of emotional distress must be supported by proof of conduct by a defendant that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Dillon v City of New York*, 261 AD2d 34, 41 [1999] [internal quotation marks omitted]). Here, Bach Farms met its burden on the cross motion by demonstrating that its conduct,

by or through its agents, was not outrageous, extreme, or calculated to cause plaintiff emotional distress (*see Kaplan v Dart Towing*, 159 AD2d 610, 612 [1990]; *see also Green v Leibowitz*, 118 AD2d 756, 757 [1986]) and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562).

The court properly denied those parts of the cross motion of Bach Farms for summary judgment seeking dismissal of the first and second causes of action against it, i.e., those causes of action for negligence. Even assuming that Bach Farms met its initial burden on the cross motion by establishing that it was not aware of any instance prior to plaintiff's incident when the horse tried to throw or "buck" any other rider, we conclude that plaintiff raised an issue of fact in opposition whether Bach Farms had knowledge of the vicious propensities and proclivities of the horse (*see Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]; *see also Collier v Zambito*, 1 NY3d 444, 446 [2004]).

Moreover, Bach Farms failed to establish that plaintiff assumed the risk of his injuries. Whether plaintiff assumed the risks of riding the horse depends on whether the risk is inherent in the activity, "the openness and obviousness of the risk, plaintiff's background, skill, and experience, plaintiff's own conduct under the circumstances, and the nature of [Bach Farms'] conduct" (*Lamey v Foley*, 188 AD2d 157, 164 [1993]; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *Utkin v Rademacher*, 261 AD2d 840 [1999], *lv dismissed* 94 NY2d 796 [1999]). Bach Farms submitted plaintiff's deposition testimony in support of its cross motion. Plaintiff testified therein that, although his experience caring for horses was extensive, his riding experience was limited and he further testified that he made that fact known to Richard when he was asked to exercise the horses. Additionally, plaintiff alleged that the Bachs knew about the dangerous proclivities of the horse, which were not made known to him until after his injury occurred. Thus, the court properly denied those parts of the cross motion of Bach Farms seeking summary judgment dismissing the negligence causes of action against it.

Finally, we conclude that triable issues of fact exist whether plaintiff was an employee of Bach Farms, entitled to employment benefits, as opposed to an independent contractor, and thus that the court properly denied those parts of the cross motion of Bach Farms for summary judgment dismissing the fifth and sixth causes of action against it, i.e., those causes of action for fraud and misrepresentation. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.