■ La Sans Kirkland, Appellant, v Raleigh Hall et al., Respondents. [832 NYS2d 232]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Schulman, J.), entered February 16, 2006, which granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by her brief, from so much of a judgment of the same court entered March 21, 2006, as, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff allegedly was injured as she attempted to mount a horse. The plaintiff had her left foot in the stirrup and, as she swung her right leg around the horse, the horse shifted and raised up on its hind legs, causing her to fall.

The doctrine of primary assumption of the risk provides that "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Taylor v Massapequa Intl. Little League*, 261 AD2d 396, 397 [1999]). The risks of falling from a horse or a horse acting in an unintended manner are risks inherent in the sport of horseback riding (*see Eslin v County of Suffolk*, 18 AD3d 698, 699 [2005]; *Kinara v Jamaica Bay Riding Academy, Inc.*, 11 AD3d 588 [2004]; *Becker v Pleasant Val. Farms*, 261 AD2d 427 [1999]; *Freskos v City of New York*, 243 AD2d 364 [1997]). The assumption of risk doctrine also applies to any readily observable condition of the place where the activity is carried on (*see Maddox v City of New York*, 66 NY2d 270, 277 [1985]; *Bruno v Town of Hempstead*, 248 AD2d 576, 577 [1998]; *Diderou v Pinecrest Dunes*, 34 AD2d 672, 673 [1970]).

Here, the defendants sustained their burden of demonstrating, prima facie, that the plaintiff assumed the risks inherent in mounting a horse, including those risks associated with any readily observable defect or obstacle such as the horse shifting, and any increased risk associated with mounting the horse near an obvious incline (*see Hund v Gramse*, 5 AD3d 1036, 1038 [2004]; *see also Ciocchi v Mercy Coll.*, 289 AD2d 362, 363 [2001]; *Torre v City of Glen Cove*, 259 AD2d 540, 541 [1999]; *Gahan v Mineola Union Free School Dist.*, 241 AD2d 439, 441 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention regarding the alleged vicious propensities of the horse is without merit (*see Tilson v Russo*, 30 AD3d 856, 859 [2006]).

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.