■ BARBARA ANN STANISLAV, Appellant, v WILLIAM J. PAPP, JR., Respondent, et al., Defendant. [911 NYS2d 60]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered September 10, 2009, which granted defendant Papp's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when she fell off a horse while on a date with defendant. She alleges that defendant was negligent in

failing to properly warn her and appreciate her limited level of skill as a rider, and in failing to pay proper attention to her request that the horses proceed at a slow pace in a careful manner.

A finding of negligence may be based only upon a breach of a duty (*see Darby v Compagnie Natl. Air France*, 96 NY2d 343, 347 [2001]). Plaintiff has provided no evidence or authority which supports her contention that defendant owed her a duty to insure that the horseback riding experience was safe. As a person with experience riding horses, plaintiff was aware that the risks of falling from a horse or a horse acting in an unintended manner are inherent in the sport (*see Kirkland v Hall*, 38 AD3d 497, 498 [2007]; *Kinara v Jamaica Bay Riding Academy, Inc.*, 11 AD3d 588 [2004]; *Freskos v City of New York*, 243 AD2d 364 [1997]; *Dalton v Adirondack Saddle Tours, Inc.*, 40 AD3d 1169, 1171 [2007]). Defendant's conduct was not so unique or reckless as to create an additional unanticipated risk for plaintiff. Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.