■ Thomas Quigley et al., Appellants, v Frost Valley YMCA, Respondent. [924 NYS2d 851]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated June 8, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff was in the process of mounting a horse for the purpose of horseback riding at stables operated by the defendant, Frost Valley YMCA. Immediately after the injured plaintiff was seated on the horse, it cantered forward several paces, allegedly causing the injured plaintiff to fall or be thrown from the horse and sustain injuries.

Voluntary participants in a sporting activity are presumed to have consented to those risks which are known, apparent, or reasonably foreseeable (*see Kirkland v Hall*, 38 AD3d 497, 498 [2007]; *Eslin v County of Suffolk*, 18 AD3d 698, 699 [2005]; *Kinara v Jamaica Bay Riding Academy, Inc.*, 11 AD3d 588 [2004]). The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff assumed the risk of a horse acting in an unintended manner, which is a danger inherent in the sport of horseback riding (*see Kinara v Jamaica Bay Riding Academy, Inc.*, 11 AD3d 588 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant created a heightened risk by its alleged negligent conduct (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Glenn v Annunziata*, 72 AD3d 886, 887 [2010]; *Lipari v Babylon Riding Ctr., Inc.*, 18 AD3d 824, 825 [2005]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.