■ RICHARD TORO et al., Respondents, v NEW YORK RACING ASSOCIATION, INC., Defendant/Third-Party Plaintiff-Appellant-Respondent, and VOLUME SERVICES, INC., Appellant-Respondent, et al., Defendant. WACKENHUT CORPORATION, Third-Party Defendant-Respondent-Appellant. [944 NYS2d 229]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff, New York Racing Association, Inc., and the defendant Volume Services, Inc., appeal from so much of an order of the Supreme Court, Nassau County (Coz-

zens, Jr., J.), entered July 5, 2011, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against the New York Racing Association, Inc., and the third-party complaint.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiffs to the defendant/third-party plaintiff, New York Racing Association, Inc., and the defendant Volume Services, Inc., and the third-party defendant, appearing separately and filing separate briefs, the motion of the defendant/third-party plaintiff, New York Racing Association, Inc., and the defendant Volume Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and the third-party defendant's motion for summary judgment dismissing the complaint insofar as asserted against the New York Racing Association, Inc., and the third-party complaint, are granted.

The doctrine of primary assumption of the risk provides that " 'by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation' " (*Kirkland v Hall*, 38 AD3d 497, 498 [2007], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *see Anand v Kapoor*, 15 NY3d 946, 947-948 [2010]). The principle of primary assumption of risk extends to those risks associated with the construction of a playing field and any open and obvious condition thereon (*see Sykes v County of Erie*, 94 NY2d 912, 913 [2000]; *Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194, 1195 [2011]; *Brown v City of New York*, 69 AD3d 893 [2010]; *Manoly v City of New York*, 29 AD3d 649, 649-650 [2006]). "Moreover, it is not necessary to the application of the doctrine that the injured plaintiff may have foreseen the exact manner in which the injury occurred 'so long as he or she is aware of the potential for injury of the mechanism from which the injury results' " (*Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006], quoting *Maddox v City of New York*, 66 NY2d 270, 278 [1985]). The assessment of awareness must take place against a particular plaintiff's skill and experience, and "when an experienced athlete . . . is aware of the existence of a particular condition on the premises where the activity is to be performed, and actually appreciates or should reasonably appreciate the potential danger it poses, yet participates in the activity despite this awareness, he or she

must be deemed to have assumed the risk of injury which flows therefrom" (*Joseph v New York Racing Assn.*, 28 AD3d at 111; *see Morgan v State of New York*, 90 NY2d at 486; *Maddox v City of New York*, 66 NY2d at 278). With respect to the sport of horse racing, there are inherent risks of falling from a horse or a horse acting in an unintended manner (*see Turcotte v Fell*, 68 NY2d 432, 438-439 [1986]; *Kirkland v Hall*, 38 AD3d at 498; *Joseph v New York Racing Assn.*, 28 AD3d at 111; *Verro v New York Racing Assn.*, 142 AD2d 396, 400 [1989]). While a plaintiff will not be deemed to have assumed the risk of intentional or reckless conduct or an unreasonable increase in the risk (*see Zayat Stables, LLC v NYRA, Inc.*, 87 AD3d 1063, 1063-1064 [2011]; *Millan v Brown*, 295 AD2d 409, 410 [2002]), where the risks of the activity are fully comprehended or perfectly obvious, the defendant has performed its duty by making conditions as safe as they appear to be (*see Turcotte v Fell*, 68 NY2d at 439; *Joseph v New York Racing Assn.*, 28 AD3d at 108; *Verro v New York Racing Assn.*, 142 AD2d at 399).

Here, the defendants New York Racing Association, Inc., and Volume Services, Inc. (hereinafter together the defendants), and the third-party defendant, Wackenhut Corporation, sustained their burden of demonstrating, prima facie, that the plaintiff Richard Toro was a professional exercise horse rider with over a decade of experience. He was aware of the risk of falling from a horse, having fallen off several times over the course of his career. The subject accident occurred when he rode the horse by a picnic area that was situated adjacent to the race track. Someone opened a large shade umbrella as Toro rode by, which scared the horse and allegedly caused Toro to fall to the ground and sustain injuries. Toro testified at his deposition that he was fully aware of the picnic area and the tendency for horses to be scared by activity in the area, particularly the opening of large umbrellas. On the day of the subject accident, Toro noticed significant activity in the picnic area when he first rode the horse by the area before exercising it. Nonetheless, he chose to ride by the picnic area again after completing the training run. Consequently, the evidence submitted by the defendants and the third-party defendant established that Toro assumed the risk posed by the picnic area (*see Turcotte v Fell*, 68 NY2d at 440; *Joseph v New York Racing Assn.*, 28 AD3d at 108; *Verro v New York Racing Assn.*, 142 AD2d at 396). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted the defendants' and third-party defendant's respective motions for summary judgment. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31923(U).]**