■ MEGHAN FENTY, Appellant, v SEVEN MEADOWS FARMS, INC., et al., Respondents. (And a Third-Party Action.) [969 NYS2d 506]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Bartlett, J.), dated April 16, 2012, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff assumed the risk of falling off a horse while riding. Under the doctrine of primary assumption of the risk, by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally, and flow from such participation (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Mendoza v Village of Greenport*, 52 AD3d 788 [2008]; *Mondelli v County of Nassau*, 49 AD3d 826 [2008]; *Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]). If the risks of the activity are fully comprehended or perfectly obvious, the plaintiff has consented to them and the defendant has performed its duty (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Zachary G. v Young Israel of Woodmere*, 95 AD3d 946 [2012]; *Palladino v Lindenhurst Union Free School Dist.*, 84 AD3d 1194 [2011]; *Bendig v Bethpage Union Free School Dist.*, 74 AD3d 1263 [2010]). However, a plaintiff will not be deemed to have assumed the risks of reckless or intentional conduct, or concealed or unreasonably increased risks (*see Anand v Kapoor*, 15 NY3d 946 [2010]; *Morgan v State of New York*, 90 NY2d at 485; *Mussara v Mega Funworks, Inc.*, 100 AD3d 185 [2012]; *Toro v New York Racing Assn., Inc.*, 95 AD3d 999 [2012]).

The risks of falling from a horse or a horse acting in an unintended manner are inherent in the sport of horseback riding (*see Toro v New York Racing Assn., Inc.*, 95 AD3d 999 [2012]; *Soloman v Taylor*, 91 AD3d 1180 [2012]; *Kirkland v*

*Hall*, 38 AD3d 497 [2007]). Awareness of a risk is to be assessed against the background of the skill and experience of the particular plaintiff (*see Morgan v State of New York*, 90 NY2d at 486; *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]; *Weinberger v Solomon Schechter Sch. of Westchester*, 102 AD3d 675 [2013]; *Morales v Beacon City School Dist.*, 44 AD3d 724 [2007]). The record, including the plaintiff's own deposition testimony, shows that the plaintiff had sufficient skill and experience to appreciate the risk of falling off a horse while riding.

The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing. The plaintiff's alleged diminished mental capacity did not raise a triable issue of fact as to whether she was able to appreciate the risks inherent in horseback riding, in light of the evidence showing that she was an experienced horseback rider and was aware of the risk of falling off a horse (*see Morlock v Town of N. Hempstead*, 12 AD3d 652 [2004]).

The plaintiff's claim that the defendants unreasonably increased the risks involved in horseback riding was also insufficient to raise a triable issue of fact. The affidavit of the plaintiff's expert was speculative, as the expert assumed facts not supported by the evidence in reaching a conclusion (*see Cassano v Hagstrom*, 5 NY2d 643 [1959]; *Espinal v Jamaica Hosp. Med. Ctr.*, 71 AD3d 723 [2010]; *Rosato v 2550 Corp.*, 70 AD3d 803 [2010]; *Plainview Water Dist. v Exxon Mobil Corp.*, 66 AD3d 754 [2009]; *Erbstein v Savasatit*, 274 AD2d 445 [2000]). Furthermore, the expert lacked the knowledge, experience, training, or education to render an opinion as to the plaintiff's alleged disability or that the defendants should have been aware of that alleged disability (*see Y.H. v Town of Ossining*, 99 AD3d 760 [2012]; *de Hernandez v Lutheran Med. Ctr.*, 46 AD3d 517 [2007]; *Rosen v Tanning Loft*, 16 AD3d 480 [2005]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.