▉ ARIANA QUINTANILLA et al., Respondents, v THOMAS SCHOOL OF HORSEMANSHIP, INC., Appellant. [11 NYS3d 241]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated September 10, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiffs allege that the infant plaintiff, who had been riding horses for two to three years, sustained personal injuries while taking an intermediate riding lesson at the defendant's facility. Before the infant plaintiff participated in the lesson, the infant plaintiff's parents, on behalf of the infant plaintiff, signed a "Camp and Riding Instruction Agreement and Liability Release" (hereinafter the agreement) which warned, inter alia, that the school's horses, if frightened or provoked, may stop short, change direction or speed at will, buck, rear, kick, or run from danger. As is relevant here, as the lesson, in which four students participated, was ending, two of the four horses came in close proximity to one another, causing one of the horses to kick a wooden fence or a gate. According to the plaintiffs, the noise produced by the contact "spooked" the horse that the infant plaintiff was riding, causing it to rear or buck. The infant plaintiff then fell off the horse. Subsequently, the infant plaintiff and her mother, suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the action was barred by the doctrine of primary assumption of the risk. The Supreme Court denied the motion, finding that a triable issue of fact existed as to whether the action was barred by the doctrine of primary assumption of the risk. We reverse.

"The doctrine of primary assumption of the risk provides that by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are

inherent in and arise out of the nature of the sport generally and flow from such participation" (*Kirkland v Hall*, 38 AD3d 497, 498 [2007] [internal quotation marks omitted]; *see Morgan v State of New York*, 90 NY2d 471, 484 [1997]). "The risks of falling from a horse or a horse acting in an unintended manner are risks inherent in the sport of horseback riding" (*Kirkland v Hall*, 38 AD3d at 498).

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the infant plaintiff assumed the risks inherent in riding a horse, including falling when the horse acted in an unintended manner when spooked by a noise caused by another horse (*see id.*; *Eslin v County of Suffolk*, 18 AD3d 698, 699 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contention is academic in light of our determination. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.