(March 3, 2016)

■ LYNETTE BLUMENTHAL et al., Respondents, v BRONX EQUES-TRIAN CENTER, INC., Doing Business as PELHAM BIT STABLES, et al., Appellants. [26 NYS3d 78]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about May 14, 2014, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Defendants' motion for summary judgment should have been granted in this action where plaintiff Lynette Blumenthal was injured when she was thrown from a horse during a recreational ride at the stable operated by defendant the Bronx Equestrian Center (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Turcotte v Fell*, 68 NY2d 432 [1986]). The risk of a horse acting in an unintended manner resulting in the rider being thrown is a risk inherent in the sport of horseback riding (*see Quintanilla v Thomas Sch. of Horsemanship, Inc.*, 129 AD3d 815, 816 [2d Dept 2015]; *Dalton v Adirondack Saddle Tours, Inc.*, 40 AD3d 1169, 1171 [3d Dept 2007]; *Eslin v County of Suffolk*, 18 AD3d 698, 699 [2d Dept 2005]). There is no evidence that defendant stable was reckless, nor were there any concealed or unreasonably increased risks (*see e.g. Deak v Bach Farms, LLC*, 34 AD3d 1212, 1214 [4th Dept 2006]). To the extent plaintiffs' expert opined otherwise, such opinion was conclusory, since it did not rely on any rules, regulations, laws or industry standards, and therefore, it fails to raise a triable issue of fact (*see Bean v Ruppert Towers Hous. Co.*, 274 AD2d 305, 307-308 [1st Dept 2000]).

Defendant City of New York, which owned and operated the

park in which plaintiff rode, is also entitled to dismissal, as there were no defects in the bridle path contributing to the accident. Plaintiff's theory that the City owed her a duty based upon the licensing agreement it issued to the stable is unavailing since the City had no involvement with the operation of the stable, and the agreement contained no provision that would make plaintiff a third-party beneficiary of it (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ. ■