Anthony v Firehock (2024 NY Slip Op 01287)

Anthony v Firehock

2024 NY Slip Op 01287

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-02651
 (Index No. 52752/18)

[*1]Nancy Anthony, appellant, 
v
Amber Firehock, et al., respondents.

Rutberg Breslow Personal Injury Law (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Jeffrey D. Sherwin and Nicholas J. Berwick of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated March 26, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants Amber Firehock and Christine Firehock which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant Amber Firehock.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff enrolled in horseback riding lessons to be provided by the defendant Amber Firehock. The plaintiff signed a release, which, in relevant part, stated that the plaintiff "understands[s] the potential dangers that [she] could incur in mounting, riding, [and] walking . . . said horse . . . . Understanding those risks I hereby release . . . Amber Firehock . . . from any liability whatsoever in the event of injury or damage of any nature (or perhaps even death) to me or anyone else caused by or incidental to my electing to mount and ride a horse." The release further stated, in part, that the plaintiff agreed to hold the defendant Amber Firehock harmless from liability relating to "injuries, death or property damage from: mounting; riding; dismounting; walking; . . . use of horse barn, paddock, trails or horse ring, in any capacity; falling off horse whether horse is bucking, flipping, spooked." The plaintiff testified that, during a trail ride with Amber Firehock, the plaintiff was riding a horse that started to gallop towards the stables; the plaintiff jumped off the horse and was injured.
The plaintiff commenced this personal injury action against Amber Firehock and the defendant Christine Firehock (hereinafter together the defendants), among others. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that the plaintiff had executed a release and assumed the risk of injury. In an order dated March 26, 2021, the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against Amber Firehock. The plaintiff appeals.
"The doctrine of primary assumption of the risk provides that by engaging in a sport [*2]or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Kirkland v Hall, 38 AD3d 497, 498 [internal quotation marks omitted]; see Morgan v State of New York, 90 NY2d 471, 484). "The risks of falling from a horse or a horse acting in an unintended manner are inherent in the sport of horseback riding" (Fenty v Seven Meadows Farms, Inc., 108 AD3d 588, 588; see Kirkland v Hall, 38 AD3d at 498). Here, the defendant Amber Firehock established her prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff assumed the risks inherent in riding a horse, including falling when the horse acted in an unintended manner (see Kirkland v Hall, 38 AD3d at 498; Eslin v County of Suffolk, 18 AD3d 698, 699). While the primary assumption of risk doctrine does not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (see Custodi v Town of Amherst, 20 NY3d 83), in opposition, the plaintiff failed to raise a triable issue of fact as to such risks (see Trummer v Niewisch, 17 AD3d 349, 350).
"'A valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276, quoting Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98). "'Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release 'shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release'" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276, quoting Fleming v Ponziani, 24 NY2d 105, 111). Here, the language of the release clearly and unequivocally expressed the intention of the parties to relieve the defendant of liability for personal injuries sustained by the plaintiff during horseback riding lessons (see Schwartz v Martin, 82 AD3d 1201, 1203; Thiele v Oakland Val., Inc., 72 AD3d 803, 803; Boateng v Motorcycle Safety Sch., Inc., 51 AD3d 702, 703; Lemoine v Cornell Univ., 2 AD3d 1017, 1020). Moreover, the release is clear in reciting that the plaintiff was aware of and assumed the risks associated with participating in horseback riding lessons (see Sjogren v Board of Trustees of Dutchess Community Coll., 216 AD3d 836, 837-838; Boateng v Motorcycle Safety Sch., Inc., 51 AD3d at 703-704).
In opposition, the plaintiff failed to raise a triable issue of fact regarding whether the release was void, unenforceable, or barred by General Obligations Law § 5-326 (see Lago v Krollage, 78 NY2d 95; Jones v Smoke Tree Farm, 161 AD3d 1590, 1591; Lemoine v Cornell Univ., 2 AD3d at 1018; Millan v Brown, 295 AD2d 409, 411).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court