■ CHRISTOPHER OCERA, Appellant, v JOSEPH ZITO et al., Defendants, and MR. NATURAL, INC., Respondent. (And a Third-Party Action.) [622 NYS2d 800] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated August 4, 1993, which granted the motion of the defendant Mr. Natural, Inc., dismissing the complaint insofar as it is asserted against it, and denied his cross motion to strike the answer of Mr. Natural, Inc.

Ordered that the order is affirmed, with costs.

The plaintiff is an employee of a beverage delivery company and his duties included loading the bottled beverages onto the delivery truck. The defendant Mr. Natural, Inc. (hereinafter the respondent), is in the business of warehousing and distributing "Snapple" beverage products. The respondent's warehouse, located on the east side of Imlay Street in Brooklyn, had neither an off-street loading area nor loading bays. Accordingly, the beverage orders would be delivered on pallets

by the respondent's employees to the sidewalk in front of the warehouse or to the sidewalk across the street, and then loaded onto the trucks by the drivers.

On the morning of November 28, 1989, the plaintiff parked his truck across the street from the warehouse on the west side of Imlay Street. The beverages which the plaintiff had ordered were placed on the sidewalk next to his truck by the respondent's employees. The plaintiff's truck had loading bays on both its sides (six on the left side and six on the right side). Once the plaintiff had loaded the six bays which faced the sidewalk, he moved to the other side of the truck. At this point the plaintiff stood in Imlay Street in order to finish loading the truck. As he was loading the last of the beverage cases onto the truck the plaintiff was struck by a vehicle proceeding on Imlay Street driven by the codefendant, Joseph Zito and owned by the codefendant Catherine Bozzo.

The plaintiff brought suit against Zito, Bozzo, and the respondent. In his complaint against the respondent the plaintiff alleged that the respondent was negligent because it failed to provide him with a safe place to load his truck and required him to load his truck on a public thoroughfare. The Supreme Court granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against it for failure to state a cause of action. We affirm.

It is well settled that before a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff (see, Palsgraf v Long Is. R. R. Co., 248 NY 339; Pulka v Edelman, 40 NY2d 781; Strauss v Belle Realty Co., 65 NY2d 399). In the absence of duty, there is no breach and without a breach there is no liability (see, Kimbar v Estis, 1 NY2d 399, 403). In the case at bar, the respondent was under no duty to provide the plaintiff with an off-street loading area.

In addition, although the circumstances dictated that the plaintiff load his truck outside, it was the plaintiff's own decision to choose to load one side of the truck while standing in Imlay Street. Accordingly, even were we to assume that the street constituted an extension of the respondent's premises, such "premises 'merely furnished the condition or occasion for the occurrence of the event rather than one of its causes' " (Margolin v Friedman, 43 NY2d 982, 983, quoting Sheehan v City of New York, 40 NY2d 496, 503).

Finally, we note that the Supreme Court properly denied the plaintiff's cross motion to strike the respondent's answer

since the record does not establish that the respondent's failure to submit to an examination before trial was either willful or contumacious *(see, Lerner v Knot,* 201 AD2d 466). Nor was it error to dismiss the complaint insofar as it is asserted against the respondent prior to said deposition *(see generally, Auerbach v Bennett,* 47 NY2d 619; *Glassman v Catli,* 111 AD2d 744). Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.