■ SEAN EGAN, Respondent, v OMNIFLIGHT HELICOPTERS, INC., Defendant, and SOUTHERN TIER AIR RESCUE, INC., Doing Business as S.T.A.R., Appellant. [639 NYS2d 77] —In a negligence action to recover damages for personal injuries and wrongful death, the defendant Southern Tier Air Rescue, Inc., appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), dated December 20, 1994, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the defendant Southern Tier Air Rescue, Inc.

The defendant Southern Tier Air Rescue, Inc. (hereinafter STAR), is a provider of emergency medical services and patient care. In furtherance of providing emergency medical services, STAR entered into an agreement with the defendant Omniflight Helicopter, Inc. (hereinafter Omniflight), whereby Omniflight agreed to provide air transportation for STAR's emergency medical service personnel and patients. The plaintiff's decedent, a helicopter pilot employed by Omniflight, was killed in a crash while piloting a flight for STAR. The plaintiff, as administrator of the decedent's estate, commenced this action alleging, *inter alia,* that STAR was negligent in allowing the decedent to pilot the subject helicopter when STAR's agents knew or should have known that the decedent lacked the necessary piloting skills and aptitude.

The Supreme Court improperly denied STAR's motion for summary judgment based on a contract provision which, in effect, allowed STAR to compel Omniflight to remove Omniflight employees from active duty if STAR concluded that "differences" between Omniflight employees and STAR employees "prevent[ed] the safe and efficient operation of the helicopter". Of course, "elemental to any recovery in negligence" is that the tortfeasor owe a duty of reasonable care to an injured party *(Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 584; *Eiseman v State of New York,* 70 NY2d 175, 187; *Turcotte v Fell,* 68 NY2d 432, 437). This is a legal issue for the court to resolve *(Palka v Servicemaster Mgt. Servs. Corp., supra,* at 585), with the determination "resting on policy considerations of whether plaintiff's interests are entitled to legal protection

against defendant's conduct" *(Eiseman v State of New York, supra,* at 189-190; *see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *Strauss v Belle Realty Co.,* 65 NY2d 399, 402-403). In addition, "the existence of a duty * * * necessitates an examination of an injured person's reasonable expectation of the care owed and the basis for the expectation and the legal imposition of a duty" *(Palka v Servicemaster Mgt. Servs. Corp., supra,* at 585, citing *Turcotte v Fell, supra).* Not only would it have been completely unreasonable for the decedent to expect that STAR assumed a duty to protect him from his own inability to safely pilot the helicopter in the present case, the contract between STAR and Omniflight provides no basis to conclude that STAR assumed such a duty. This determination is supported by contract provisions in which Omniflight assumed responsibility for providing pilots with the appropriate licenses, as well as for the acts and omissions of those pilots.

Moreover, STAR is not responsible for any negligence on the part of Omniflight, an independent contractor. As a general rule "an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" *(Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668), and none of the generally recognized exceptions to this rule apply in this case *(see, Kleeman v Rheingold,* 81 NY2d 270, 273). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.