In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated August 6, 2002, which, upon a jury verdict on the issue of liability finding it 65% at fault in the happening of the accident and the injured plaintiff Michael Daubert 35% at fault, and upon the denial of its motion pursuant to CFLR 4404 (a) to set aside the verdict and for judgment in its favor as a matter of law, is in favor of the plaintiffs and against it.
Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.
The injured plaintiff, Michael Daubert (hereinafter the plaintiff), was a personal chauffeur of Salvatore Franco, owner of Sealman’s Enterprise, which was one of the shareholders of the defendant, Flyte Time Regency Limousine, a limousine and transportation company (hereinafter Flyte Time). Flyte Time gave one of its used, leased limousines to Franco for his personal use and Franco, in his individual capacity, employed the plaintiff *396 as his driver. The plaintiff subsequently developed back-related injuries, and he and his wife, derivatively, commenced this action against Flyte Time. The complaint alleged that the limousine provided by Flyte Time caused the plaintiff to develop back injuries because the driver’s seat of the subject vehicle was worn out and inadequately padded, having a concave, bowl-like shape.
The liability phase of this bifurcated trial resulted in a jury verdict allocating 65% of fault to Flyte Time and 35% to the plaintiff. Flyte Time moved to set aside the verdict and for judgment in its favor as a matter of law. That motion was denied and judgment was entered accordingly. Flyte Time contends, inter alia, that it did not owe a duty to the plaintiff.
“A finding of negligence may be based only upon the breach of a duty. If, in connection with the acts complained of, the defendant owes no duty to the plaintiff, the action must fail. Although juries determine whether and to what extent a particular duty was breached, it is for the courts first to determine whether any duty exists (see, Hamilton v Beretta U.S.A. Corp., 96 NY2d 222 [2001]; Waters v New York City Hous. Auth., 69 NY2d 225, 229 [1987]). In so doing, courts identify what people may reasonably expect of one another. In assessing the scope and consequences of civil responsibility, they define the boundaries of ‘duty’ to comport with what is socially, culturally and economically acceptable (see, Pulka v Edelman, 40 NY2d 781, 785-786 [1976]; Tobin v Grossman, 24 NY2d 609, 619 [1969]).” (Darby v Compagnie Natl. Air France, 96 NY2d 343, 347 [2001]; see Egan v Omniflight Helicopters, 224 AD2d 653 [1996]; Ocera v Zito, 212 AD2d 681 [1995].)
Under the circumstances of this case, the trial court should have granted Flyte Time’s motion since the plaintiff failed to establish that Flyte Time owed him a duty to maintain the seat of the subject limousine in an ergonomically-fit condition.
In light of the above, we need not reach Flyte Time’s remaining contentions. Altman, J.E, Goldstein, Adams and Mastro, JJ., concur.