■ FRANCES LEICHTER, as Executrix of SOLOMON RAPOPORT, Deceased, Appellant, v CAMBRIDGE DEVELOPMENT, LLC, Doing Business as ATRIA RETIREMENT LIVING, et al., Respondents. [935 NYS2d 291]—

Solomon Rapoport, who was diagnosed as having mild to moderate Alzheimer's disease, was a resident of defendant Atria, an independent senior living facility. Rapoport slipped and fell while running in Atria's lobby. Defendant Avondale is a home care service company that plaintiff retained to provide medication management services for Rapoport. Plaintiff, Rapoport's daughter and executrix of his estate, alleges, among other things, that Atria and Avondale negligently supervised and controlled Rapoport.

Defendants made a prima facie showing of entitlement to judgment as a matter of law because they owed no duty to Rapoport. We note that generally, there is no common-law duty to protect an adult from his own risky behavior (see e.g. *Stanislav v Papp*, 78 AD3d 556 [2010]; *Egan v Omniflight Helicopters*, 224 AD2d 653 [1996]).

In opposition to defendants' motions for summary judgment, plaintiff failed to raise an issue of fact. Plaintiff, relying on *Sommer v Federal Signal Corp.* (79 NY2d 540 [1992]), argues that a common-law duty arose based upon the nature of the parties' relationship. However, unlike the facts of *Sommer*, plaintiff failed to adduce any evidence that either defendant agreed, in contract or otherwise, to perform the type of monitoring and supervision of Rapoport that plaintiff alleges. The record reflects that Atria offered only housing, meals, and the opportunity for planned social activities. It was not an assisted living facility, as defined in article 46-B of the Public Health Law (§ 4651 [1]), nor did it have medical professionals on staff. Although Avondale employed medical professionals and offered a variety of senior care services, plaintiff contracted with Avondale only for the limited service of ensuring that Rapoport came to its office daily to take medications prescribed to him by doctors unaffiliated with defendants. Indeed, plaintiff had originally contracted with Avondale to ensure Rapoport was appearing at his meals, but after a brief time, decided that her father did not require such supervision. Because no contract existed between the parties to monitor and supervise Rapoport's health and mental status, there can be no common-law duty that arose from a "relationship initially . . . formed by contract" (*Sommer*, 79 NY2d at 551).

There is no basis to deny the motion based on a lack of discovery from Avondale. Plaintiff has not shown that she made any attempt to obtain discovery from Avondale or that such discovery would lead to material or relevant evidence (*see* CPLR 3212 [f]; *Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP*, 44 AD3d 557 [2007]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Catterson, Moskowitz, Acosta and Renwick, JJ. **[Prior Case History: 2009 NY Slip Op 32985(U).]**