■ LLOYD MARKSAMER, Respondent, v ENGEL BURMAN SENIOR HOUSING AT MASSAPEQUA, LLC, Appellant. [944 NYS2d 595]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Asarch, J.), entered June 23, 2011, as denied

that branch of its motion which was for summary judgment dismissing the first cause of action alleging common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the first cause of action alleging common-law negligence is granted.

Jesse N. Marksamer (hereinafter the decedent) was a resident at the defendant's facility known as the Bristal Assisted Living at Westbury, which was licensed as an "enriched housing program" (see Social Services Law § 2 [28]; 18 NYCRR 488.1 et seq.). On October 16, 2008, when the decedent was 91 years old, he joined three or four other residents on a bowling outing to South Levittown Lanes, accompanied by the assistant recreation director of the defendant's staff. While attempting to bowl, the decedent purportedly jogged to the line, lost his balance, fell, and fractured his hip. Deposition testimony established that, during his approximately three years residing at the defendant's facility, the decedent ambulated independently, was physically active, and often participated in dances, group exercise sessions, and outings. Other evidence indicated that the decedent had fallen on five occasions in 2006 and once in 2008 without significant injury, and had experienced increased confusion and forgetfulness in the spring of 2008. The decedent had participated in previous off-site bowling trips without incident, the most recent of which was on September 24, 2008, less than a month prior to the subject bowling trip.

In this action, the plaintiff alleges, inter alia, that the defendant was negligent in allowing the decedent to participate in the bowling outing and in failing properly to ensure his safety while bowling. The Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment on the first cause of action, alleging common-law negligence.

The defendant established prima facie that it did not breach any duty of care owed to the decedent (see Leichter v Cambridge Dev., LLC, 90 AD3d 557, 558 [2011]; cf. Kremerov v Forest View Nursing Home, Inc., 24 AD3d 618, 620-621 [2005]; see generally Darby v Compagnie Natl. Air France, 96 NY2d 343, 347 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the first cause of action, alleging common-law negligence. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur. [**Prior Case History: 2011 NY Slip Op 31777(U).**]