■ HEATHER L. McGEE, Appellant, v JLPC CORP., Defendant, and SHAUN KENNEY, Respondent. [948 NYS2d 368]—

On December 9, 2006, at approximately 3:00 a.m., the plaintiff, while a patron at the Handlebar Restaurant (hereinafter the Handlebar) in Mt. Sinai, observed the defendant Shaun Kenney at the bar. The plaintiff, who also worked as a waitress at the Handlebar, was familiar with Kenney since he was a regular patron. She tapped Kenney on the back of his head to get his attention. At the time, he was speaking to someone else, so he finished what he was saying and then turned around. As Kenney turned, his right elbow came into contact with the plaintiff's arm, which was holding a glass to her lips to take a sip. As a result of the contact between Kenney's elbow and the plaintiff's arm, the plaintiff allegedly was injured.

The plaintiff commenced this action against JLPC Corp., the corporate owner of the Handlebar, and Kenney to recover damages for her personal injuries. The plaintiff alleged in her third cause of action that Kenney intentionally assaulted her and in her fourth cause of action that his negligence caused her injuries.

After discovery was complete, Kenney moved for summary judgment dismissing the third and fourth causes of action insofar as asserted against him. The Supreme Court granted his motion. The plaintiff appeals only from so much of the order as awarded summary judgment dismissing the fourth cause of action insofar as asserted against Kenney. We affirm the order insofar as appealed from.

Kenney established, prima facie, that he did not breach any duty of care owed to the plaintiff when he turned around in response to her tapping the back of his head (*see Marksamer v Engel Burman Senior Hous. at Massapequa, LLC*, 95 AD3d 963 [2012]; *Barravecchio v New York City Tr. Auth.*, 83 AD3d 630, 631 [2011]; *Ingrassia v Lividikos*, 54 AD3d 721, 724 [2008]; *see e.g. Jiminez v Shahid*, 83 AD3d 900, 901 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly granted that branch of Kenney's motion which was for summary judgment dismissing the fourth cause of action, which alleged common-law negligence, insofar as asserted against him. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.