Newman v New York City Hous. Auth. (2024 NY Slip Op 04820)

Newman v New York City Hous. Auth.

2024 NY Slip Op 04820

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 152547/18, 595593/18 Appeal No. 2683 Case No. 2023-03384 

[*1]Andre Newman, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Respondent-Appellant.
New York City Housing Authority, Third-Party Plaintiff-Respondent-Appellant,
v
Triple H Construction, Inc., Third-Party Defendant-Appellant-Respondent.

Hannum Feretic Prendergast & Merlino, LLC, New York (John Pisiewski of counsel), for appellant-respondent.
Newman Myers Kreines Harris, P.C., New York (Gretchen A. Becht of counsel), for respondent-appellant.

Order, Supreme Court, New York County (James d'Auguste, J.), entered June 22, 2023, which, to the extent appealed from, denied third-party defendant Triple H Construction, Inc.'s (Triple H) motion for summary judgment dismissing the third-party complaint, and denied so much of defendant/third-party plaintiff New York City Housing Authority's (NYCHA) motion for summary judgment on its third-party claim for contractual indemnification, unanimously modified, on the law, to grant NYCHA's motion solely to the extent of awarding it contractual indemnification against Triple H for costs and expenses, and, except to that extent, to grant Triple H's motion for summary judgment dismissing the third-party complaint, and otherwise affirmed, without costs.
As NYCHA does not oppose the dismissal of its third-party claims for common-law indemnification and contribution and breach of contract for failure to procure insurance in this action, we modify the order to grant Triple H's motion for summary judgment dismissing those claims.
We find that Triple H's duty to indemnify NYCHA was triggered pursuant to the parties' contract. The parties' contract provides, in pertinent part, "If any person sustains injury or death . . . resulting directly or indirectly from the Work of [Triple H] . . . in the performance of this Contract, or from [Triple H]'s failure to comply with any of the provisions of this Contract or of law, or for any other reason whatsoever, [Triple H], to the fullest extent permitted by applicable law, shall indemnify and hold [NYCHA] . . . harmless from any and all claims and judgments for damages and from costs and expenses to which [NYCHA] . . . may be subjected or which it may suffer or incur by reason thereof." As the parties' contract has a performance-of-the-work trigger, Triple H's duty to indemnify NYCHA was triggered solely by virtue of plaintiff's accident occurring while in the performance of Triple H's contractual duties (see e.g. Pimentel v DE Frgt. LLC, 205 AD3d 591, 593-594 [1st Dept 2022]; Vargas v 1166 LLC, 201 AD3d 614, 616 [1st Dept 2022]).
However, even if NYCHA is entitled to contractual indemnification, Supreme Court should have granted Triple H's motion for summary judgment dismissing NYCHA's claim to the extent it seeks contractual indemnification for plaintiff's bodily injury damages. The duty to warn of a dangerous premises condition is one that belongs to a property owner (see Zubilaga v Findlay Teller Hous. Dev. Fund Corp., 197 AD3d 428, 432 [1st Dept 2021]). Moreover, "there can be no common-law duty that [arises] from a relationship initially . . . formed by contract" (Leichter v Combridge Dev., LLC, 90 AD3d 557, 558 [1st Dept 2011] [internal quotation marks omitted]). As Triple H did not own the property, it had no duty to warn plaintiff of the dangerous condition. Therefore, NYCHA is the only defendant which may potentially be found negligent for causing plaintiff's injury.[FN1] Since General Obligations Law § 5-322.1 (1[*2]) prohibits contractual indemnification for "damages arising out of bodily injury to persons . . . caused by or resulting from the negligence of the promisee," NYCHA may not be contractually indemnified by Triple H for plaintiff's bodily injury damages.
General Obligations Law § 5-322.1 (1) does not, however, prohibit contractual indemnification for costs and expenses. As the parties' contract requires Triple H to indemnify NYCHA not only "from any and all claims and judgments for damages[,]"but also "from costs and expenses," NYCHA is entitled to summary judgment on its third-party contractual indemnification claim solely to the extent of being awarded
contractual indemnification against Triple H for costs and expenses (see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 418 [1st Dept 2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: October 3, 2024

Footnotes

Footnote 1: NYCHA's argument that there is an issue of fact as to whether Triple H might have caused and created the spill is a fact-based argument improperly raised for the first time in NYCHA's reply brief and we decline to consider it (see JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012]).